**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
ORLANDO MINO HERNANDEZ, OSMEL RUBEN SOSA
NAJERA, RAFAEL BASURTO GOMEZ, JOSE LUIS
MENDEZ, MIGUEL MIRANDA and ROSALIO PEREZ      **20-cv-04457-RA-RWL**
*individually and on behalf of others similarly situated,*

                *Plaintiffs*,

      -against-

LIRA OF NEW YORK INC (D/B/A LUKE'S BAR & GRILL), LUIGI
MILITELO, TOMMY TIN, JONATHAN MATEOS, and LUIGI
LUSARDI,
                *Defendants.*
------------------------------------------------------------------------X

# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' <u>MOTION TO DISMISS</u>

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

# Table of Contents

PRELIMINARY STATEMENT ..................................................................................... 1

STATEMENT OF FACTS ............................................................................................ 1

ARGUMENT ................................................................................................................ 1

    I.    PLAINTIFFS HAVE PROPERLY SERVED DEFENDANTS …………………..2

    II.   INDIVIDUAL DEFENDANTS HAVE WAIVED OBJECTIONS TO PERSONAL JURISDICTION ................................................................................................ 5

CONCLUSION ............................................................................................................. 7

## PRELIMINARY STATEMENT

Plaintiffs, by their attorneys Michael Faillace & Associates, P.C., respectfully submit this memorandum of law in opposition to Individual Defendants' motion to dismiss the Complaint for improper service. For the reasons set forth below, Defendants' motion should be denied.

## STATEMENT OF FACTS

On June 10, 2020, Plaintiffs filed a complaint alleging minimum wage, overtime, and related violations of the FLSA and New York Labor Law (NYLL) by Defendants. Defendant Lira of New York, Inc. operates a restaurant at 1394 Third Avenue, under the trade name Luke's Bar & Grill." Plaintiff all worked for the restaurant as delivery workers, food preparers, dishwashers, food runners, salad preparer and griller, and a porter until early 2020.

On June 11, 2020, the Court issued Electronic Summons as to Defendants Lira of New York, Inc., Luigi Militelo, Luigi Lusardi, and Tommy Tin. On August 6, 2020, after a request from plaintiff, the Court issued an electronic summon as to Jonathan Mateos. On August 7, 2020, plaintiff served Defendant Lira of New York, Inc. There is no dispute that that Defendant Lira of New York, Inc. was properly served.

Thereafter on August 12, 2020 plaintiff properly served Defendants Luigi Militelo, Tommy Tin, and Jonathan Mateos (hereinafter together "Individual Defendants") in two different manners. Andre Meisel, of Gotham Process Inc., served copies of the Summons and Complaint on Individual Defendants at Luke's Bar & Grill, 1394 Third Avenue, New York, NY 10075, by delivering thereat a true copy/copies to a female co-worker of Individual Defendants, described as white, with black hair, approximately forty-five years old (45), approximately five feet eight inches (5'8), and approximately one-hundred and sixty (160) pounds. *See* Exhibit 3 annexed to Defendants moving papers. Additionally, Andre Meisel, of Gotham Process Inc., also served true copy/copies of the Summons and Complaint on Individual Defendants at the same location by regular first class mail. *See* Exhibit 3

1                                                                 1

annexed to Defendants moving papers.

On September 28, 2020, Plaintiffs filed the affidavits of service as to all Defendants. *See* DE#16-20. On October 6, 2020, the Court issued an Order directing Defendants to appear, answer, or otherwise respond to the Complaint by October 27, 2020. The Court further ordered, that if Defendants fail to do so, plaintiff should move for default judgment by November 10, 2020.

On October 27, 2020, Peter Michael Levin, Esq., appeared on behalf of all Defendants. On October 30, 2020, he filed an answer on behalf of Lira of New York, Inc. The Individual Defendants did not file an answer. On November 2, 2020, the Court designated the matter for mediation. As such, plaintiffs did not file motions for default by the November 10, 2020 deadline. On January 4, 2021, the parties filed a joint letter motion requesting an extension of time to complete Mediation, which was granted by the Court. *See* Dkt. Nos. 27-28. On March 16, 2021, the Court held an initial conference, and set a scheduling order for Defendants to file a motion to dismiss and for Plaintiff to file a motion to amend the complaint.

## ARGUMENT

I. **PLAINTIFFS HAVE PROPERLY SERVED DEFENDANTS**

On a motion to dismiss for insufficient service of process or lack of personal jurisdiction, "'[i]f the Court chooses not to conduct a full-blown evidentiary hearing…, the plaintiff need make only a *prima facie* showing of jurisdiction through its own affidavits and supporting materials.'" *Mende v. milestone Tech., Inc.*, 269 F.Supp.2d 246, 251 (S.D.N.Y. 2003) (*quoting Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981)); *see also United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 880 (Fed. Cir. 1997) (where a motion to dismiss under Rule 12(b)(5) was decided without an evidentiary hearing, plaintiff "had only to make a *prima face* case of proper service in order to survive the motion"). Moreover, the Court should "'construe jurisdictional allegations liberally and

take as true uncontroverted factual allegations.'" *Mende*, 269 F.Supp.2d at 251 (*quoting Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994)).

Here, Individual Defendants were properly served in two manners. Andre Meisel, of Gotham Process Inc., served copies of the Summons and Complaint on Individual Defendants at Luke's Bar & Grill, 1394 Third Avenue, New York, NY 10075, by delivering thereat a true copy/copies to a female co-worker of Individual Defendants, described as white, with black hair, approximately forty-five years old (45), approximately five feet eight inches (5'8), and approximately one-hundred and sixty (160) pounds. *See* Dkt. Nos. 18-20. Additionally, Andre Meisel, of Gotham Process Inc., also served true copy/copies of the Summons and Complaint on Individual Defendants at the same location by regular first class mail. *See* Dkt. Nos. 18-20.

In Defendants Memorandum of Law in Support of their motion to dismiss, the defendants assert that the affidavits of service were not filed within 20 days of either delivery or mailing, thus service was never completed. In support of their contention, they cite only one case, *First Fed. Sav. & Loan Assn. of Charleston v Tezzi*, 164 AD.3d 758, 759-760 (2d Dept. 2018). In *First Fed. Sav. & Loan Assn. of Charleston v Tezzi*, the Court acknowledged that the affidavit of service was not filed within 20 days of either mailing or affixing, and confirmed that service was never completed. 164 AD.3d at 759-760. However, the Court recognized that "failure to file proof of service is a procedural irregularity, not a jurisdictional defect, that may be cured by motion or *sua sponte* by the court in its discretion pursuant to CPLR 2004" (*Khan v Hernandez*, 122 AD.3d 802, 803, 996 N.Y.S.2d 667 (2014); *see Buist v Bromley Co., LLC*, 151 AD.3d 682, 683, 55 N.Y.S.3d 443 (2017); *Pipinias v J. Sackaris & Sons, Inc.*, 116 AD.3d at 750). Here, after the plaintiffs filed the affidavits of service on September 28, 2020, the Court, *sua sponte*, Ordered Defendants to serve an Answer, thereby indicating acceptance of the affidavits of service. Defendants contention that that the affidavits of service were perjurious is purely speculative. Regardless, the plaintiffs have made a *prima facie* showing that service was proper.

Where the service requirements are not met, dismissal of the complaint is not always required. "Rule 4 of the Federal Rules is to be construed liberally 'to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice.'" *RxUSA, Inc.. v. Capital Returns, Inc.*, 2006 U.S. Dist. Ct. Motion, Lexis 81018 (E.D.N.Y. 2006) (*citing Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972); *citing Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986). Failure to comply with service requirements does not require dismissal if (a) the party to be served received actual notice, (b) no prejudice to the defendant resulted from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if the complaint were dismissed. *Borzeka v. Heckler,* 739 F.2d 444, 447 ((9th Cir. 1984); *see also Hart v. United States*, 817 F.2d 78, 80 (9th Cir. 1987); *see also Beatie and Osborn LLP v. Patriot Scientific Corp.*, 431 F.Supp.2d 367 (S.D.N.Y. 2006) (dismissal not mandatory).Here, proofs of service have been filed. If the court determines that they are defective, leave for service should be granted. The Defendants clearly received notice of this litigation, as their attorney filed his Notice of Appearance in October 2020. There is no prejudice to any defendant resulting from any defect in service. Defendants have pointed to no prejudice which would arise by allowing further time for service of process.

Conversely, Plaintiffs will be severely prejudiced if the case is dismissed without leave to re-serve the defendants, and without the requested leave to add the additional plaintiffs and claims. These Plaintiffs have lost significant amounts of money due to Defendants failure to abide by wage and hour laws. The time for service can be extended even in the absence of good cause for failure to effect service. *Goodstein v. Bombardier Capital, Inc.*, 167 F.R.D. 662 (D.Vt.1996) (Although plaintiffs committed egregious error in failing to attempt further service after their initial attempt failed, the defendant had actual notice of the case almost since its inception, the defendant actively participated in case so that there was no prejudice resulting from failure to serve, and relevant statute of limitations had expired, thereby justifying relief on ground that action would otherwise be time-barred). In this

case, Defendants have actively participated in this case, including filing of proposed case management order and by efforts to partake in mediation.

Additionally, Peter Levin, Esq. is the attorney of record for Defendant Lira of New York, Inc. and Individual Defendants. Defendants do not contest that Defendant Lira of New York, Inc., was properly served on August 7, 2020. Furthermore, Defendant Luigi Militelo, declared that he was the president and sole shareholder of defendant Lira of New York, Inc. As such, there is no dispute that defendants received actual notice of the actions and were able to timely appear with counsel – and, in fact, have done so. *See* Dkt. No. 23; *see also RxUSA, Inc.. v. Capital Returns, Inc.*, 2006 U.S. Dist. Ct. Motion, Lexis 81018, at *10 (E.D.N.Y. 2006) (Court denied motion to dismiss where Defendants counsel submitted letter advising of his appointment as agent for individual defendants and corporate defendants, and after treating service of the pleadings on corporate Defendant as adequate).

## II. INDIIDUAL DEFENDANTS HAVE WAIVED OBJECTIONS TO PERSONAL JURISDICTION.

Defendants also argue that a general appearance does not constitute a waiver of the defense of lack of personal jurisdiction or insufficient service of process. Individual Defendants contend that a party can file a general appearance then object to personal jurisdiction at any time before the answer is filed or in the answer. However, the Defendants waived any issues of Jurisdiction or Service of Process by Appearing and Submitting to the Jurisdiction of the Court. The Defendants participated fully in the action when they sought an extension of time, jointly, to conduct mediation. *See* Dkt. Nos. 27-28.

Under New York Law, issues with respect to the manner of service of process do not go to subject matter jurisdiction and are waived by a party's participation in a proceeding. *Gregory v. Bd. Of Elections*, 463 N.Y.S.2d 411 (1983). To avoid the effect of a general appearance every act must be consistent with and based on the challenge to the jurisdiction of the court over the person. *Muslusky v. Lehigh Valley Coal Co.*, 225 N.Y. 584 (1919); *Jos. Riedel Glass Works v. Keegan*, 43 F.Supp 153 (D

ME 1942). While the Federal Rules and most state courts no longer strictly recognize the distinction between a general and special appearance, a party makes an appearance sufficient to confer jurisdiction whenever he or she invokes the judgment of the court on any question other than jurisdiction. *Maiz v. Virani*, 311 F.3d. 334 (5th Cir. 2002). A "general appearance" is entered whenever defendant invokes judgment of court in any way on any question other than court's jurisdiction without being compelled to do so by previous rulings of the court sustaining jurisdiction. *Leonardi v. Chase Nat. Bank of City of New York*, 81 F.2d 19 (2d Cir. 1936).

Before bringing this motion, the Individual defendants jointly filed a motion requesting extension of time to participate in mediation. *See* Dkt. Nos. 27-28. This constitutes an appearance by these defendants such that they cannot be heard now to contest either service of process or jurisdiction over them. By becoming an actor in the proceedings, these defendants are estopped from denying the jurisdiction of the court over them. *Dyker Heights Home For Blind Children, Inc. v. Stolitzky et al.*, 294 N.Y.S. 15 (AD 1937). As a general rule any action on the part of a defendant, except to object to the jurisdiction over his person, which recognizes the case as in court, will constitute a general appearance. As such, Individual Defendants cannot now be heard to say that they are not subject to the jurisdiction of the court and their challenge to service of process and jurisdiction in this case should be rejected.

Finally, Defendants erroneously argue that the claims against Individual Defendants should be dismissed because plaintiffs failed to file a motion for default judgment by the court-ordered deadline. However, this argument is unsupported by any relevant case law. In fact the two cases cited by Defendants have no bearing on this issue at all. Instead, it is within the Court's discretion to allow for additional time for Plaintiffs to file motions for default, and for the reasons stated above, respectfully request the Court do so in this case.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Defendants Motion in its entirety.

Respectfully submitted,

/s/ James O. LaRusso
James O. LaRusso
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
