**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
ORLANDO MINO HERNANDEZ, OSMEL RUBEN SOSA
NAJERA, RAFAEL BASURTO GOMEZ, JOSE LUIS
MENDEZ, MIGUEL MIRANDA and ROSALIO PEREZ
*individually and on behalf of others similarly situated,*

        *Plaintiffs*,

   -against-

LIRA OF NEW YORK INC (D/B/A LUKE'S BAR & GRILL),
LUIGI MILITELO, TOMMY TIN, JONATHAN MATEOS, and
LUIGI LUSARDI,
        *Defendants.*
------------------------------------------------------------------------X

20-cv-04457-RA-RWL

**REPLY DECLARATION IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

   JAMES O. LARUSSO declares under penalty of perjury, pursuant to 28 U.S.C. §1746, that:

   1. I am one of the attorneys representing the Plaintiffs in this lawsuit for unpaid wages, liquidated damages, and attorneys' fees under the FLSA and New York Labor Law and regulations. I submit this declaration in further support of Plaintiffs' motion for leave to file as amended complaint.

   2. As set out in Plaintiffs' moving papers, the Plaintiffs seek leave to amend the complaint chiefly to add two individual plaintiffs, Angel Geovani Ramos and Palemon Benito Antonio, who allege the same violations of the FLSA and NYLL, as the above captioned Plaintiffs, as employees of the Defendants at the same location, the business operating under the name "Luke's Bar and Grill." Plaintiffs and proposed Plaintiffs' were employed variously as delivery workers, food preparers, dishwashers, a food runner, a salad preparer and griller, and a porter at the aforesaid location.

   3. Defendants oppose the amended complaint first by arguing that plaintiffs have failed to plead the standard for class certification. Defendants argue that Plaintiffs proposed complaint is devoid of the requisite facts that plausibly establish numerosity. However, this contention is completely erroneous to the instant motion and Defendants have offered no relevant law to support otherwise. Notwithstanding, the two proposed Plaintiffs have similar if not identical claims to the above-captioned

plaintiffs that overlap in time. The claims raise no new or novel defenses that were not available to Defendants before the filing of this motion or notice of the additional proposes Plaintiffs. This is not a motion to certify a class, but merely rather to amend the complaint, which is leave should be "freely give[n]." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). A court should not deny a motion to amend unless there is evidence of undue delay, undue prejudice to the defendant, bad faith, or the proposed amendment would be futile. *Foman*, 371 U.S. at 182; *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

    4.    When a motion is made in response to or anticipation of a motion to dismiss, "leave to amend will be denied as futile only if the proposed new claim cannot withstand a . . . motion to dismiss for failure to state a claim." *Milanese*, 244 F.3d 104 at 110; *Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

    5.    In *Barrett v. U.S. Banknote Corp.,* 806 F. Supp. 1094, 1098 (S.D.N.Y 1992), the Court posited that "[l]eave to amend a pleading should be granted if the movant 'has at least colorable grounds for relief, absent any undue delay, bad faith, or undue prejudice to the opposing party." *Quoting*, *Siberblatt, Inc. v. E. Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co.,* 608 F.2d 28, 42 (2d Cir. 1979). Furthermore, "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance to the amendment, futility of amendment, etc. – the leave should . . . be freely given." *Foman,* 371 U.S. 178, 192.

    6.    Here, Defendants were made aware that the two proposed Plaintiffs were added just prior to the mediation. Furthermore, the very filing of this action as a collective action, whether or not it has been certified, puts the Defendants on notice that there may be more Plaintiffs and class members that could or may have cognizable claims against Defendants.

7. Further, it cannot be said this amendment is futile, as it clearly states factual allegations that would withstand a motion to dismiss and clearly state a cognizable claim under the FLSA and NYLL, as applies to all Plaintiffs. There were no delays in bringing the proposed Plaintiffs into the action, as once they retained this firm, our office promptly filed consents to join as a party for those Plaintiffs.

8. Finally, Defendants argue that Defendants have erroneously argued that plaintiffs have failed to allege Tommy Tin or Jonathan Mateos were employers. However, this argument completely fails, because plaintiffs admit that the proposed amended complaint pleads exactly the factors that the court would consider when defining defendant as an employer. *See* Defendants' Memorandum of Law in Opposition, Pg. 3. Furthermore, plaintiffs have alleged the same factual allegations in the original complaint, which Defendants have not refuted.

9. Therefore, Plaintiffs respectfully request that the aforesaid amendments be allowed and the proposed Plaintiffs' to be added to the caption and to pursue this action with the original Plaintiffs, and for such other and further relief as this Court may deem just and proper.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant plaintiffs motion for leave to file an amended complaint.

Dated: June 17, 2021
New York, New York

Respectfully submitted,

/s/ James O. LaRusso
James O. LaRusso
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200

4