UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORLANDO MINO HERNANDEZ, OSMEL
RUBEN SOSA NAJERA, RAFAEL BASURTO
GOMEZ, JOSE LUIS MENDEZ, MIGUEL                    20-cv-4457 (RA)
MIRANDA, ROSALIO PEREZ, ANGEL
GEOVANI RAMOS, and PALEMON BENITO
ANTONIO individually and on behalf of others          ANSWER OF
similarly situated,                                LIRA OF NEW YORK, INC.
                                            TO FIRST AMENDED COMPLAINT

                          Plaintiffs,

              -against-

LIRA OF NEW YORK INC (D/B/A LUKE'S BAR
& GRILL), LUIGI MILITELO, TOMMY TIN,
JONATHAN MATEOS, and LUIGI LUSARDI,

                          Defendants.

            Defendant Lira of New York, Inc., by its attorney, Peter M. Levine, for its

answer to the Complaint, states:

            1.       Denies each and every allegation in paragraph 1, except admits Lira of

New York, Inc. once employed Orlando Mino Hernandez, Osmel Ruben Sosa Najera, Rafael

Basurto Gomez, Miguel Miranda, Rosalio Perez, Angel Geovani Ramos, and Palemon Benito

Antonio.

            2.       Denies each and every allegation in paragraph 2, except admits Lira of

New York, Inc. is in the business of food and beverage service at 1394 Third Avenue, New

York, New York 10075 under the trade name "Luke's Bar & Grill."

            3.       Denies each and every allegation in paragraph 3, except admits that

Luigi Militelo is the sole shareholder of Lira of New York, Inc.

            4.       Denies each and every allegation in paragraph 4, except admits that Lira

of New York, Inc. once employed Hernandez as a food preparer; Najera as a night porter;

Gomez and Miranda as delivery workers; Perez as a dishwasher; Ramos as a delivery worker,

then as a table busser, then as a food runner; and Antonio as a line cook.

5.      Denies each and every allegation in paragraph 5, except admits that Lira of New York, Inc. once employed Najera as a night porter, Gomez and Miranda as delivery workers, and Ramos as a delivery worker, then as a table busser, then as a food runner.

6.      Denies each and every allegation in paragraph 6.

7.      Denies each and every allegation in paragraph 7.

8.      Denies each and every allegation in paragraph 8.

9.      Denies each and every allegation in paragraph 9.

10.     Denies each and every allegation in paragraph 10, except admits that Lira of New York, Inc. once employed Najera as a night porter, Gomez and Miranda as delivery workers, and Ramos as a delivery worker, then as a table busser, then as a food runner.

11.     Denies each and every allegation in paragraph 11.

12.     Denies each and every allegation in paragraph 12.

13.     Denies each and every allegation in paragraph 13.

14.     Denies each and every allegation in paragraph 14.

15.     Denies each and every allegation in paragraph 15, except denies knowledge and information sufficient to form a belief regarding the "times relevant to this Complaint."

16.     Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 16.

17.     Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 17, except denies that plaintiffs have met the pleading standard for class certification.

18.     Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 18.

19.     Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 19, except denies that Luigi Militelo, Tommy Tin, or Jonathan Mateos maintain any corporate headquarters and offices, operate a bar, or have ever employed any of the plaintiffs.

20.     Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 20.

21.     Denies each and every allegation in paragraph 21, except admits Hernandez was once employed by Lira of New York, Inc.

22.     Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 22.

23.     Denies each and every allegation in paragraph 23, except admits Najera was once employed by Lira of New York, Inc.

24.     Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 24.

25.     Denies each and every allegation in paragraph 25, except admits Gomez was once employed by Lira of New York, Inc.

26.     Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 26.

27.     Denies each and every allegation in paragraph 27.

28.     Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 28 and avers upon information and belief that Miranda no longer lives in the United States and did not when the Complaint was filed.

29.     Denies each and every allegation in paragraph 29, except admits Miranda was once employed by Lira of New York, Inc.

30.     Denies knowledge and information sufficient to form a belief regarding

the allegations in paragraph 30.

31.     Denies each and every allegation in paragraph 31, except admits Perez was once employed by Lira of New York, Inc.

32.     Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 32.

33.     Denies each and every allegation in paragraph 33, except admits Ramos was once employed by Lira of New York, Inc.

34.     Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 34.

35.     Denies each and every allegation in paragraph 35, except admits Antonio was once employed by Lira of New York, Inc.

36.     Denies each and every allegation in paragraph 36, except admits that Luigi Militelo is the sole shareholder of Lira of New York, Inc., which is in the business of food and beverage service at 1394 Third Avenue, New York, New York 10075 under the trade name "Luke's Bar & Grill."

37.     Admits the allegations in paragraph 37.

38.     Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 38, except admits that Luigi Militelo is the sole shareholder of Lira of New York, Inc., which is in the business of food and beverage service at 1394 Third Avenue, New York, New York 10075 under the trade name "Luke's Bar & Grill."

39.     Denies each and every allegation in paragraph 39.

40.     Denies each and every allegation in paragraph 40.

41.     Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 41.

42.     Denies each and every allegation in paragraph 42.

43.     Denies each and every allegation in paragraph 43, except admits that Luigi Militelo is the sole shareholder of Lira of New York, Inc. and that he is the president of the corporation.

44.     Denies each and every allegation in paragraph 44.

45.     Denies each and every allegation in paragraph 45, except admits that Luigi Militelo is the sole shareholder of Lira of New York, Inc. and that he is the president of the corporation.

46.     Denies each and every allegation in paragraph 46, except denies knowledge and information sufficient to form a belief regarding the cryptic references to "29 U.S.C. 201 *et seq* and the NYLL."

47.     Denies each and every allegation in paragraph 47.

48.     Denies each and every allegation in paragraph 48 and avers this paragraph is not based on any inquiry required by Rule 11 of the Federal Rules of Civil Procedure but is instead nothing but a list of baseless, formulaic incantations found in every complaint filed by the law firm Michael Faillace & Associates, P.C. *See*, *e.g.*, *Rafael Basuto Gomez, et ano. v. 1125 Kosher Deli Corp., et al.*, 17-cv-5565 (Complaint filed July 21, 2017); *Arueta v. Interaction Garden Inc.*, 13-cv-1365 (Complaint filed Feb. 28, 2013); *Virgilio Lopez et al. v. Delizia Restaurant Corp., et al.,* 10-cv-5247 (Complaint filed July 9, 2010).

49.     Denies each and every allegation in paragraph 49, except denies knowledge and information sufficient to form a belief regarding the cryptic references to "relevant times" and "the FLSA and New York Labor Law," and admits Hernandez, Najera, Gomez, Miranda, Perez, Ramos, and Antonio were once employed by Lira of New York, Inc.

50.     Denies each and every allegation in paragraph 50 and avers that the gross revenue of Lira of New York, Inc. has plummeted since the onset of the Covid-19 pandemic.

51. Denies each and every allegation in paragraph 51, except admits Lira of New York, Inc. is in the business of food and beverage service at 1394 Third Avenue, New York, New York 10075.

52. Denies each and every allegation in paragraph 52, , except admits that Lira of New York, Inc. once employed Hernandez as a food preparer; Najera as a night porter; Gomez and Miranda as delivery workers; Perez as a dishwasher; Ramos as a delivery worker, then as a table busser, then as a food runner; and Antonio as a line cook.

53. Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 53, except denies that plaintiffs have met the pleading standard for class certification.

54. Denies each and every allegation in paragraph 54, except admits Hernandez was once employed by Lira of New York, Inc. and did his job poorly until he quit along with his roommate, co-plaintiff Osmel Ruben Sosa Najera.

55. Denies each and every allegation in paragraph 55, except admits Hernandez was employed by Lira of New York, Inc. as a food preparer.

56. Denies each and every allegation in paragraph 56.

57. Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 57.

58. Denies each and every allegation in paragraph 58.

59. Denies each and every allegation in paragraph 59, except admits Hernandez was employed by Lira of New York, Inc. and was paid in full for all the hours he worked.

60. Denies each and every allegation in paragraph 60, except admits Hernandez was employed by Lira of New York, Inc. and was paid in full for all the hours he worked.

61.     Denies each and every allegation in paragraph 61, except admits Lira of New York, Inc. paid Hernandez in full for all the hours he worked.

62.     Denies each and every allegation in paragraph 62, except admits Lira of New York, Inc. paid Hernandez in full for all the hours he worked.

63.     Denies each and every allegation in paragraph 63, except admits Lira of New York, Inc. paid Hernandez in full for all the hours he worked.

64.     Denies each and every allegation in paragraph 64, except admits Lira of New York, Inc. paid Hernandez in full for all the hours he worked.

65.     Denies each and every allegation in paragraph 65, except admits Lira of New York, Inc. paid Hernandez in full for all the hours he worked.

66.     Denies each and every allegation in paragraph 66, except admits Lira of New York, Inc. paid Hernandez in full for all the hours he worked.

67.     Denies each and every allegation in paragraph 67, except admits Lira of New York, Inc. paid Hernandez in full for all the hours he worked.

68.     Denies each and every allegation in paragraph 68, except admits Lira of New York, Inc. paid Hernandez in full for all the hours he worked.

69.     Denies each and every allegation in paragraph 69, except admits Lira of New York, Inc. paid Hernandez in full for all the hours he worked.

70.     Denies each and every allegation in paragraph 70 and avers Hernandez had at least two meal breaks each day he reported to work for Lira of New York, Inc.

71.     Denies each and every allegation in paragraph 71.

72.     Denies each and every allegation in paragraph 72.

73.     Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 73 and avers Hernandez was treated fairly and lawfully while he was employed by Lira of New York, Inc.

74.     Denies each and every allegation in paragraph 74.

75.     Denies each and every allegation in paragraph 75.

76.     Denies each and every allegation in paragraph 76.

77.     Denies each and every allegation in paragraph 77.

78.     Denies each and every allegation in paragraph 78.

79.     Denies each and every allegation in paragraph 79.

80.     Denies each and every allegation in paragraph 80, except admits Najera was once employed by Lira of New York, Inc., always arrived at work late, often slept through his shift drunk, and quit after being caught stealing.

81.     Denies each and every allegation in paragraph 81, except admits Najera was once employed by Lira of New York, Inc. as a night porter.

82.     Denies each and every allegation in paragraph 82.

83.     Denies each and every allegation in paragraph 83.

84.     Denies each and every allegation in paragraph 84.

85.     Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 85.

86.     Denies each and every allegation in paragraph 86, except admits Najera was once employed by Lira of New York, Inc as a night porter.

87.     Denies each and every allegation in paragraph 87, except admits Najera was once employed by Lira of New York, Inc as a night porter.

88.     Denies each and every allegation in paragraph 88, except admits Najera was once employed by Lira of New York, Inc as a night porter.

89.     Denies each and every allegation in paragraph 89, except admits Najera was once employed by Lira of New York, Inc as a night porter.

90.     Denies each and every allegation in paragraph 90, except admits Najera

was once employed by Lira of New York, Inc as a night porter.

91.     Denies each and every allegation in paragraph 91, except admits Lira of New York, Inc. paid Najera in full for all the hours he worked.

92.     Denies each and every allegation in paragraph 92, except admits Lira of New York, Inc. paid Najera in full for all the hours he worked.

93.     Denies each and every allegation in paragraph 93, except admits Lira of New York, Inc. paid Najera in full for all the hours he worked.

94.     Denies each and every allegation in paragraph 94, except admits Lira of New York, Inc. paid Najera in full for all the hours he worked.

95.     Denies each and every allegation in paragraph 95, except admits Lira of New York, Inc. paid Najera in full for all the hours he worked.

96.     Denies each and every allegation in paragraph 96, except admits Lira of New York, Inc. paid Najera in full for all the hours he worked.

97.     Denies each and every allegation in paragraph 97, except admits Lira of New York, Inc. paid Najera in full for all the hours he worked.

98.     Denies each and every allegation in paragraph 98, except admits Lira of New York, Inc. paid Najera in full for all the hours he worked.

99.     Denies each and every allegation in paragraph 99.

100.    Denies each and every allegation in paragraph 100.

101.    Denies each and every allegation in paragraph 101 and avers the chef prepared a meal for Najera each night he reported for work.

102.    Denies each and every allegation in paragraph 102.

103.    Denies each and every allegation in paragraph 103.

104.    Denies each and every allegation in paragraph 104, except denies knowledge and information sufficient to form a belief regarding Najera's "knowledge."

105. Denies each and every allegation in paragraph 105.

106. Denies each and every allegation in paragraph 106.

107. Denies each and every allegation in paragraph 107.

108. Denies each and every allegation in paragraph 108.

109. Denies each and every allegation in paragraph 109.

110. Denies each and every allegation in paragraph 110, except admits Gomez was once employed by Lira of New York, Inc., was repeatedly sent home for arriving at work drunk, and was let go after Lira of New York, Inc. suffered a drastic drop in business as a result of the Covid-19 pandemic.

111. Denies each and every allegation in paragraph 111, except admits Gomez was once employed by Lira of New York, Inc. as a delivery worker.

112. Denies each and every allegation in paragraph 112.

113. Denies each and every allegation in paragraph 113.

114. Denies each and every allegation in paragraph 114.

115. Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 115.

116. Denies each and every allegation in paragraph 116, except admits Gomez was once employed by Lira of New York, Inc.

117. Denies each and every allegation in paragraph 117, except admits Gomez was once employed by Lira of New York, Inc.

118. Denies each and every allegation in paragraph 118, except admits Gomez was once employed by Lira of New York, Inc.

119. Denies each and every allegation in paragraph 119, except admits Lira of New York, Inc. paid Gomez in full for all the hours he worked.

120. Denies each and every allegation in paragraph 120, except admits Lira

of New York, Inc. paid Gomez in full for all the hours he worked.

121.     Denies each and every allegation in paragraph 121, except admits Lira of New York, Inc. paid Gomez in full for all the hours he worked.

122.     Denies each and every allegation in paragraph 122.

123.     Denies each and every allegation in paragraph 123, except admits Lira of New York, Inc. paid Gomez in full for all the hours he worked.

124.     To the extent this paragraph is comprehensible, denies each and every allegation in paragraph 124, except admits Lira of New York, Inc. paid Gomez in full for all the hours he worked.

125.     Denies each and every allegation in paragraph 125.

126.     Denies each and every allegation in paragraph 126.

127.     Denies each and every allegation in paragraph 127.

128.     Denies each and every allegation in paragraph 128.

129.     Denies each and every allegation in paragraph 129.

130.     Denies each and every allegation in paragraph 130.

131.     Denies each and every allegation in paragraph 131.

132.     Denies each and every allegation in paragraph 132.

133.     Denies each and every allegation in paragraph 133.

134.     Denies each and every allegation in paragraph 134.

135.     Denies each and every allegation in paragraph 135.

136.     Denies each and every allegation in paragraph 136.

137.     Denies each and every allegation in paragraph 137.

138.     Denies each and every allegation in paragraph 138.

139.     Denies each and every allegation in paragraph 139.

140.     Denies each and every allegation in paragraph 140.

141.    Denies each and every allegation in paragraph 141.

142.    Denies each and every allegation in paragraph 142.

143.    Denies each and every allegation in paragraph 143.

144.    Denies each and every allegation in paragraph 144.

145.    Denies each and every allegation in paragraph 145.

146.    Denies each and every allegation in paragraph 146.

147.    Denies each and every allegation in paragraph 147.

148.    Denies each and every allegation in paragraph 148.

149.    Denies each and every allegation in paragraph 149, except admits Miranda was once employed by Lira of New York, Inc.

150.    Denies each and every allegation in paragraph 150, except admits Miranda was once employed by Lira of New York, Inc. as a delivery worker.

151.    Denies each and every allegation in paragraph 151.

152.    Denies each and every allegation in paragraph 152.

153.    Denies each and every allegation in paragraph 153.

154.    Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 154.

155.    Denies each and every allegation in paragraph 155, except admits Miranda was once employed by Lira of New York, Inc.

156.    Denies each and every allegation in paragraph 156, except admits Miranda was once employed by Lira of New York, Inc.

157.    Denies each and every allegation in paragraph 157, except admits Lira of New York, Inc. paid Miranda in full for all the hours he worked.

158.    Denies each and every allegation in paragraph 158, except admits Lira of New York, Inc. paid Miranda in full for all the hours he worked.

159. Denies each and every allegation in paragraph 159, except admits Lira of New York, Inc. paid Miranda in full for all the hours he worked.

160. Denies each and every allegation in paragraph 160.

161. Denies each and every allegation in paragraph 161.

162. Denies each and every allegation in paragraph 162.

163. Denies each and every allegation in paragraph 163.

164. Denies each and every allegation in paragraph 164.

165. Denies each and every allegation in paragraph 165, except denies knowledge and information sufficient to form a belief regarding Miranda's "knowledge."

166. Denies each and every allegation in paragraph 166.

167. Denies each and every allegation in paragraph 167.

168. Denies each and every allegation in paragraph 168.

169. Denies each and every allegation in paragraph 169.

170. Denies each and every allegation in paragraph 170, except admits Perez was once employed by Lira of New York, Inc., was once caught stealing, and was fired for chronic intoxication.

171. Denies each and every allegation in paragraph 171, except admits Perez was once employed by Lira of New York, Inc. as a dishwasher.

172. Denies each and every allegation in paragraph 172.

173. Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 173.

174. Denies each and every allegation in paragraph 174.

175. Denies each and every allegation in paragraph 175, except admits Lira of New York, Inc. paid Perez in full for all the hours he worked.

176. Denies each and every allegation in paragraph 176, except admits Lira

of New York, Inc. paid Perez in full for all the hours he worked.

177. Denies each and every allegation in paragraph 177, except admits Lira of New York, Inc. paid Perez in full for all the hours he worked.

178. Denies each and every allegation in paragraph 178, except admits Lira of New York, Inc. paid Perez in full for all the hours he worked.

179. Denies each and every allegation in paragraph 179.

180. Denies each and every allegation in paragraph 180.

181. Denies each and every allegation in paragraph 181.

182. Denies each and every allegation in paragraph 182, except denies knowledge and information sufficient to form a belief regarding Perez's "knowledge."

183. Denies each and every allegation in paragraph 183.

184. Denies each and every allegation in paragraph 184.

185. Denies each and every allegation in paragraph 185.

186. Denies each and every allegation in paragraph 186, except admits Ramos was once employed by Lira of New York, Inc.

187. Denies each and every allegation in paragraph 187, except admits Ramos was once employed by Lira of New York, Inc. as a delivery worker, then as a table busser, then as a food runner.

188. Denies each and every allegation contained in paragraph 188.

189. Denies each and every allegation contained in paragraph 189.

190. Denies each and every allegation contained in paragraph 190.

191. Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 191.

192. Denies each and every allegation contained in paragraph 192, except admits Ramos was once employed by Lira of New York, Inc.

193.     Denies each and every allegation contained in paragraph 193, except admits Ramos was once employed by Lira of New York, Inc.

194.     Denies each and every allegation contained in paragraph 194, except admits Ramos was once employed by Lira of New York, Inc.

195.     Denies each and every allegation contained in paragraph 195, except admits Ramos was once employed by Lira of New York, Inc.

196.     Denies each and every allegation in paragraph 196, except admits Lira of New York, Inc. paid Ramos in full for all the hours he worked.

197.     Denies each and every allegation in paragraph 197, except admits Lira of New York, Inc. paid Ramos in full for all the hours he worked.

198.     Denies each and every allegation in paragraph 198, except admits Lira of New York, Inc. paid Ramos in full for all the hours he worked.

199.     Denies each and every allegation contained in paragraph 199.

200.     Denies each and every allegation contained in paragraph 200.

201.     Denies each and every allegation contained in paragraph 201.

202.     Denies each and every allegation contained in paragraph 202.

203.     Denies each and every allegation contained in paragraph 203.

204.     Denies each and every allegation contained in paragraph 204.

205.     Denies each and every allegation contained in paragraph 205.

206.     Denies each and every allegation contained in paragraph 206.

207.     Denies each and every allegation contained in paragraph 207.

208.     Denies each and every allegation in paragraph 208, except admits Antonio was once employed by Lira of New York, Inc. and left after being told to stop sexually harassing the female employees.

209.     Denies each and every allegation in paragraph 209, except admits

Antonio was once employed by Lira of New York, Inc. as a line cook.

210. Denies each and every allegation contained in paragraph 210.

211. Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 211.

212. Denies each and every allegation in paragraph 212, except admits Antonio was once employed by Lira of New York, Inc.

213. Denies each and every allegation in paragraph 213, except admits Antonio was once employed by Lira of New York, Inc.

214. Denies each and every allegation in paragraph 214, except admits Antonio was once employed by Lira of New York, Inc.

215. Denies each and every allegation in paragraph 215, except admits Antonio was once employed by Lira of New York, Inc.

216. Denies each and every allegation in paragraph 216, except admits Lira of New York, Inc. paid Antonio in full for all the hours he worked.

217. Denies each and every allegation in paragraph 217, except admits Lira of New York, Inc. paid Antonio in full for all the hours he worked.

218. Denies each and every allegation in paragraph 218, except admits Lira of New York, Inc. paid Antonio in full for all the hours he worked.

219. Denies each and every allegation in paragraph 219, except admits Lira of New York, Inc. paid Antonio in full for all the hours he worked.

220. Denies each and every allegation contained in paragraph 220.

221. Denies each and every allegation contained in paragraph 221.

222. Denies each and every allegation contained in paragraph 222.

223. Denies each and every allegation contained in paragraph 223.

224. Denies each and every allegation contained in paragraph 224.

225. Denies each and every allegation contained in paragraph 225.

226. Denies each and every allegation contained in paragraph 226.

227. Denies each and every allegation in paragraph 227.

228. Denies each and every allegation in paragraph 228.

229. Denies each and every allegation in paragraph 229.

230. Denies each and every allegation in paragraph 230.

231. Denies each and every allegation in paragraph 231.

232. Denies each and every allegation in paragraph 232.

233. Denies each and every allegation in paragraph 233.

234. Denies each and every allegation in paragraph 234.

235. Denies each and every allegation in paragraph 235.

236. Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 236.

237. Denies each and every allegation in paragraph 237.

238. Denies each and every allegation in paragraph 238.

239. Denies each and every allegation in paragraph 239.

240. Denies each and every allegation in paragraph 240.

241. Denies each and every allegation in paragraph 241.

242. Denies each and every allegation in paragraph 242.

243. Denies each and every allegation in paragraph 243, except admits that each plaintiff who was an employee of Lira of New York, Inc. was paid in full for all the hours he worked.

244. Denies each and every allegation in paragraph 244.

245. Denies each and every allegation in paragraph 245.

246. Denies each and every allegation in paragraph 246.

247.     Denies each and every allegation in paragraph 247.

248.     Denies each and every allegation in paragraph 248.

249.     Denies each and every allegation in paragraph 249.

250.     Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 250, except denies that plaintiffs have met the pleading standard for class certification.

251.     Denies each and every allegation in paragraph 251.

252.     Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 252, except denies that plaintiffs have met the pleading standard for class certification.

253.     Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 253, except denies that plaintiffs have met the pleading standard for class certification.

254.     Denies knowledge and information sufficient to form a belief regarding the allegations in paragraph 254, except denies that plaintiffs have met the pleading standard for class certification.

255.     Denies each and every allegation in paragraph 255.

256.     Denies each and every allegation in paragraph 256.

257.     Denies each and every allegation in paragraph 257.

258.     Denies each and every allegation in paragraph 258.

259.     Denies each and every allegation in paragraph 259.

260.     Denies each and every allegation in paragraph 260.

261.     Denies each and every allegation in paragraph 261.

262.     In response to paragraph 262, Lira of New York, Inc. repeats the corresponding admissions, averments, and denials pleaded in response to paragraphs 1-261.

263.     Denies each and every allegation in paragraph 263, except admits Hernandez, Najera, Gomez, Miranda, Perez, Ramos, and Antonio were once employed by Lira of New York, Inc.

264.     Denies each and every allegation in paragraph 264, except admits Lira of New York, Inc. is in the business of food and beverage service at 1394 Third Avenue, New York, New York 10075.

265.     Denies each and every allegation in paragraph 265.

266.     Denies each and every allegation in paragraph 266.

267.     Denies each and every allegation in paragraph 267.

268.     Denies each and every allegation in paragraph 268.

269.     In response to paragraph 269, Lira of New York, Inc. repeats the corresponding admissions, averments, and denials pleaded in response to paragraphs 1-268.

270.     Denies each and every allegation in paragraph 270.

271.     Denies each and every allegation in paragraph 271.

272.     Denies each and every allegation in paragraph 272.

273.     In response to paragraph 273, Lira of New York, Inc. repeats the corresponding admissions, averments, and denials pleaded in response to paragraphs 1-272.

274.     Denies each and every allegation in paragraph 274, except admits Hernandez, Najera, Gomez, Miranda, Perez, Ramos, and Antonio were once employed by Lira of New York, Inc.

275.     Denies each and every allegation in paragraph 275.

276.     Denies each and every allegation in paragraph 276.

277.     Denies each and every allegation in paragraph 277.

278.     In response to paragraph 278, Lira of New York, Inc. repeats the corresponding admissions, averments, and denials pleaded in response to paragraphs 1-277.

279.    Denies each and every allegation in paragraph 279.

280.    Denies each and every allegation in paragraph 280.

281.    Denies each and every allegation in paragraph 281.

282.    In response to paragraph 282, Lira of New York, Inc. repeats the corresponding admissions, averments, and denials pleaded in response to paragraphs 1-281.

283.    Denies each and every allegation in paragraph 283.

284.    Denies each and every allegation in paragraph 284.

285.    In response to paragraph 285, Lira of New York, Inc. repeats the corresponding admissions, averments, and denials pleaded in response to paragraphs 1-284.

286.    Denies each and every allegation in paragraph 286.

287.    Denies each and every allegation in paragraph 287.

288.    In response to paragraph 288, Lira of New York, Inc. repeats the corresponding admissions, averments, and denials pleaded in response to paragraphs 1-287.

289.    Denies each and every allegation in paragraph 289.

290.    Denies each and every allegation in paragraph 290.

291.    In response to paragraph 291, Lira of New York, Inc. repeats the corresponding admissions, averments, and denials pleaded in response to paragraphs 1-290.

292.    Denies each and every allegation in paragraph 292.

293.    Denies each and every allegation in paragraph 293.

294.    In response to paragraph 294, Lira of New York, Inc. repeats the corresponding admissions, averments, and denials pleaded in response to paragraphs 1-293.

295.    Denies each and every allegation in paragraph 295, except admits Hernandez, Najera, Gomez, Miranda, Perez, Ramos, and Antonio were once employed by Lira of New York, Inc.

296.    Denies each and every allegation in paragraph 296.

297.     Denies each and every allegation in paragraph 297.

298.     Denies each and every allegation in paragraph 298.

299.     Denies each and every allegation in paragraph 299.

300.     In response to paragraph 300, Lira of New York, Inc. repeats the corresponding admissions, averments, and denials pleaded in response to paragraphs 1-299.

301.     Denies each and every allegation in paragraph 301.

302.     Denies each and every allegation contained in paragraph 302.

### FIRST AFFIRMATIVE DEFENSE

303.     No one named Jose Luis Mendez was ever employed by Lira of New York, Inc.

### SECOND AFFIRMATIVE DEFENSE

304.     Each of the plaintiffs who was once employed by Lira of New York, Inc. was paid all sums legally due under the Fair Labor Standards Act, *29 U.S.C. §§ 201 et seq.*; the New York Minimum Wage Act, *N.Y. Labor Law* §§ 650 *et seq.*; Article 6 of the New York Labor Law, *N.Y. Labor Law §§ 190 et seq.*; and all of their implementing regulations.

### THIRD AFFIRMATIVE DEFENSE

305.     Lira of New York, Inc. has made complete and timely payment of all wages due to each of its employees.

### FOURTH AFFIRMATIVE DEFENSE

306.     Each of the plaintiffs who was once employed by Lira of New York, Inc. received compensation beyond what he was owed under law.

### FIFTH AFFIRMATIVE DEFENSE

307.     In addition to receiving their wages in full, Hernandez, Najera, and Perez

each received a year-end bonus and vacation pay, and Ramos, and Antonio each received a year-end bonus.

## SIXTH AFFIRMATIVE DEFENSE

308.    Lira of New York, Inc. fully complied with each of the statutes and regulations under which the plaintiffs purport to bring their claims.

## SEVENTH AFFIRMATIVE DEFENSE

309.    The actions of Lira of New York, Inc. were at all times justified under the circumstances, and at all times Lira of New York, Inc. acted reasonably and in good faith.

## EIGHTH AFFIRMATIVE DEFENSE

310.    Any act that may be found to violate the Fair Labor Standards Act or the New York Labor Law was not willful but was undertaken in good faith and with reasonable grounds for believing it complied with the statute.

## NINTH AFFIRMATIVE DEFENSE

311.    Any omission that may be found to violate the Fair Labor Standards Act or the New York Labor Law was not willful but was the result of a good faith belief that the business of Lira of New York, Inc. was being conducted in compliance with the statute.

## TENTH AFFIRMATIVE DEFENSE

312.    Plaintiffs have failed to plead facts sufficient to meet the criteria for the imposition of liquidated damages.

## ELEVENTH AFFIRMATIVE DEFENSE

313.    Plaintiffs have failed to plead, and will be unable to meet, the criteria for this case to proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure.

## TWELFTH AFFIRMATIVE DEFENSE

314.    This case may not proceed as a class action, because Jose Luis Mendez was never employed by Lira of New York, Inc., and none of the named plaintiffs who was once an employee of Lira of New York, Inc. is similarly situated to the putative class.

## THIRTEENTH AFFIRMATIVE DEFENSE

315.    Each of the claims asserted by each of the plaintiffs who was once an employee of Lira of New York, Inc. is barred, in whole or in part, by the statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

316.    Each of the plaintiffs has failed to state a claim upon which relief may be granted.

## FIFTEENTH AFFIRMATIVE DEFENSE

317.    Each claim in this case is barred by insufficient service of process.

## SIXTEENTH AFFIRMATIVE DEFENSE

318.    In *Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137 (2002), the Supreme Court held that federal immigration policy, as expressed by Congress in the Immigration Reform and Control Act, foreclosed the National Labor Relations Board from awarding backpay to an undocumented alien who had never been legally authorized to work in the United States.

319.    In *N.L.R.B. v. Domsey Trading Corp.*, the United States Court of Appeals for the Second Circuit stated: "After Hoffman, it is now clear that undocumented immigrants are ineligible for backpay under the NLRA and, therefore, that immigration status is relevant to the question of backpay eligibility." 636 F.3d 33, 38 (2d Cir. 2011).

320.   The majority of courts to address the question, including courts in this District, have concluded that the holding in *Hoffman Plastic* does not preclude awards for back pay under the Fair Labor Standards Act.

321.   The United States Court of Appeals for the Second Circuit has yet to consider the question. *See Velez v. Sanchez*, 693 F.3d 308, 331 n. 14 (2d Cir. 2012).

322.   Lira of New York, Inc. raises the question in this case and, if necessary, intends to bring the question before the United States Court of Appeals for the Second Circuit.

323.   Relying on existing law or a nonfrivolous argument for extending, modifying, or reversing exiting law or for establishing new law, Lira of New York, Inc. contends that, under the authority of *Hoffman Plastic*, any plaintiff in this case who is an undocumented alien not legally authorized to work in the United States may not assert a claim for backpay under the Fair Labor Standards Act.

WHEREFORE, defendant Lira of New York, Inc. demands judgment against plaintiffs dismissing the Complaint in its entirely; awarding this answering defendant its costs and disbursements of this action, including reasonable counsel fees; and granting to this answering defendant such other, further, and different relief the court deems just and proper.

Dated: New York, New York
    July 7, 2021

PETER M. LEVINE (PML-7630)
Attorney for Lira of New York, Inc.
444 Madison Avenue, Suite 410
New York, New York 10022
212-599-0009