USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 01/31/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ORLANDO MINO HERNANDEZ, *individually and on behalf of others similarly situated*, OSMEL RUBEN SOSA NAJERA, *individually and on behalf of others similarly situated*, RAFAEL BASURTO GOMEZ, *individually and on behalf of others similarly situated*, JOSE LUIS MENDEZ, *individually and on behalf of others similarly situated*, MIGUEL MIRANDA, *individually and on behalf of others similarly situated*, ROSALIO PEREZ, *individually and on behalf of others similarly situated*, ANGEL GEOVANI RAMOS, and PALEMON BENITO ANTONIO,

   Plaintiffs,

v.

LIRA OF NEW YORK INC., *doing business as* LUKE'S BAR AND GRILL, LUIGI MILITELO, TOMMY TIN, JONATHAN MATEOS, and LUIGI LUSARDI.

   Defendants.

No. 20-CV-4457 (RA)

MEMORANDUM
OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

   Plaintiffs brought this case against Defendants in 2020, alleging violations of the Fair Labor Standards Act ("the FLSA"), the New York Labor Law, and the Spread of Hours Wage Order. Three of the individual Defendants—Luigi Militelo, Jonathan Mateos, and Tommy Tin ("the moving Defendants")—have moved to dismiss for lack of personal jurisdiction due to improper service of process. For the reasons that follow, the motion is denied.

   Plaintiffs initiated this action on June 10, 2020 with the filing of a complaint. On September 24, 2020, the Court issued an order observing that Plaintiffs had not filed proof of

service and ordering Plaintiffs to either explain their failure to serve or explain when and in what manner service had been made. Plaintiffs responded to this order by filing affidavits of service as to each Defendant. As relevant here, Plaintiffs filed three affidavits on September 28, 2020, which represented that the moving Defendants had been served on August 12, 2020. According to the affidavits, the moving Defendants had been served by leaving copies of the summons and complaint at their place of business with an individual of suitable age and discretion and mailing copies of the summons and complaint to that place of business. Each moving Defendant shares the same place of business: Luke's Bar and Grill in Manhattan. The affidavits stated that the individual to whom the summons and complaint had been delivered was a white woman with black hair who was approximately 45 years old and approximately 5'8" tall. *See* Dkts. 18, 19, 20. On October 6, 2020, the Court ordered Defendants to either respond to the complaint or seek an extension to do so by October 27, 2020. Following this order, only the corporate Defendant answered the complaint, although the corporate Defendant's counsel also filed a notice of appearance on behalf of the moving Defendants.

The case was then referred to mediation pursuant to this Court's participation in the pilot program for cases involving claims under the FLSA. The mediation conference, however, was not held. On February 23, 2021, Plaintiffs requested a conference regarding a proposed motion to amend the complaint to add two individuals as Plaintiffs.

On May 4, 2021, the moving Defendants moved to dismiss the complaint for lack of jurisdiction due to improper service of process.[1] They principally argued that: (1) the affidavits of service were not filed within twenty days of either delivery or mailing of the summons and complaint, as required by New York Civil Practice Law § 308(2); (2) Plaintiffs had failed to file a

---

[1] The remaining individual Defendant, Luigi Lusardi, did not move to dismiss or otherwise respond to the complaint.

default judgment motion within the time limit previously prescribed by this Court; and (3) the affidavits were perjurious because (a) no individual matching the description of the purported individual to whom the papers had been personally delivered was present at the location of service on the ostensible date of service and (b) the summons and complaint had never been received by mail.  In support of their perjury contentions, the moving Defendants submitted affidavits from Luigi Militelo, who is the president and sole shareholder of the corporate Defendant, and Ariana Militelo, a non-party who works at Luke's Bar and Grill.  Luigi Militelo affirmed that he "receive[s] and open[s] all mail at" Luke's Bar and Grill and that the "Summons and Complaint in this case never arrived in the mail addressed to [him] or to Mr. Tin or to Mr. Mateos." Dkt. 43 at 2.  Ariana Militelo affirmed that she was the only woman working at Luke's Bar and Grill on August 12, 2020, and that no process server had attempted to hand her any papers on that date.  Dkt. 44 at 1-2.  Both Militelos also affirmed that no one matching the description of the individual who was purportedly served had ever worked at the restaurant. Dkt. 43 at 2; Dkt. 44 at 2.  Plaintiffs opposed the motion on June 3, 2021, and the moving Defendants replied on June 17, 2021.  In their opposition, Plaintiffs characterized the perjury arguments as "speculative" but did not otherwise address them.

    On June 22, 2021, the Court granted Plaintiffs leave to amend their complaint to add two Plaintiffs, and Plaintiffs filed the amended complaint on June 23, 2021.  On September 23, 2021, Plaintiffs filed new affidavits of service for each of the individual Defendants; those affidavits stated that the individual Defendants had been served with the amended summons and amended complaint on September 13, 2021.  The new affidavits do not have the same infirmities to which the moving Defendants had objected with respect to the prior affidavits.  Namely, they were filed within 20 days of the personal delivery of the summons and amended complaint; the Court had

not issued any order regarding a default judgment with respect to the amended complaint; and the individual to whom the papers were personally delivered appears to be a different individual than the one described in the prior affidavits. *Compare* Dkts. 18, 19, and 20 (affidavits filed more than 20 days after personal delivery and mailing and describing delivery on a "Jane Smith" who purportedly refused to give her true name), *with* Dkts. 70, 71, and 72 (affidavits filed within 20 days of personal delivery and describing delivery on a "Diana Staley"). Nor does the Court discern any other obvious infirmities in service on the face of the new affidavits. The moving Defendants have not responded to the amended complaint; as explained in a status letter filed on January 25, 2022, they "contend they have no obligation to respond to the Amended Complaint while their motion [to dismiss] is pending." Dkt. 80.

Under Federal Rule of Civil Procedure 4(m), a complaint must be served within 90 days of the commencement of the action. Fed. R. Civ. P. 4(m). "The filing of an amended complaint . . . does not restart the [90] day period for service under Rule 4(m)" with respect to defendants named in the original complaint. *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 607 (S.D.N.Y. 2012); *accord Khanukayev v. City of New York*, No. 09-cv-6175 (CM) (GWG), 2011 WL 5531496, at *4 (S.D.N.Y. Nov. 15, 2011); *Wilson v. Diocese of New York of Episcopal Church*, No. 96-cv-2400 (JGK), 1998 WL 82921, at *9 (S.D.N.Y. Feb. 26, 1998); 4B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1137 (4th ed.). Although proper service of an amended complaint within the service period may satisfy Rule 4(m), *see Rosado-Acha v. Red Bull Gmbh*, No. 15-cv-7620 (KPF), 2016 WL 3636672, at *9 (S.D.N.Y. June 29, 2016), the amended complaint was served over a year after commencement of this suit. Accordingly, if service of the original complaint on the moving Defendants was not proper, Plaintiffs have failed to timely serve.

The Court rejects Defendants' argument that service of the original complaint was improper simply because Plaintiffs did not file their affidavits of service on the docket within 90 days of filing the complaint. Under New York law, a delay in filing proof of service "is not a jurisdictional defect, but an irregularity that may be cured by deeming it filed nunc pro tunc." *Sanchez v. Abderrahman*, No. 10-cv-3641 (CBA) (LB), 2013 WL 8170157, at *4 n.7 (E.D.N.Y. July 24, 2013).[2] The Court's order of October 6, 2020 acted as an effective curing of Plaintiffs' late filing of proof of service.

More troubling to the Court are the contentions of perjury by the moving Defendants, which were supported by affidavits and not rebutted by Plaintiffs other than through a conclusory statement that these arguments were "speculative." Although "a process server's affidavit of service establishes a prima facie case of the account of the method of service" under New York law, a "defendant's sworn denial of receipt of service . . . rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). Thus, Plaintiffs cannot rely solely on their process server's affidavits in the face of the moving Defendants' contrary affidavits.

Although the Court would ordinarily hold an evidentiary hearing to determine whether service of the original complaint was proper, it declines to do so here. *Cf. Rana v. Islam*, 305 F.R.D. 53, 65 (S.D.N.Y. 2015) ("While a hearing would be necessary to determine the sufficiency of Rana's attempted service . . . the Court need not follow that path because a finding of defective service is not fatal to this action."). Even assuming Plaintiffs failed to effectuate service of the original complaint, the Court exercises its discretion to extend the service period given the

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, alterations, and footnotes.

particular circumstances of this case. *See Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) ("[D]istrict courts have discretion to grant extensions even in the absence of good cause."); Fed. R. Civ. P 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). "In determining whether a discretionary extension is appropriate in the absence of good cause, a court considers the following four factors: (1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether [the] defendant attempted to conceal the defect in service; and (4) whether [the] defendant would be prejudiced by extending [the] plaintiff's time for service." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). "[T]hese factors are not dispositive," and "[c]ourts may also take other equitable considerations into account." *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 404 (S.D.N.Y. 2020).

Considering these four factors and other equitable factors, the Court finds that an extension of time is warranted. First, the vast majority of the purported FLSA violations that Plaintiffs allege in their complaint occurred over a period of time that ended in or before March 2020, which is when most Plaintiffs left Defendants' employ. This suggests that Plaintiff's FLSA claims will be time-barred to a considerable degree if Plaintiffs are forced to refile their action at this stage. *See Bonaparte v. Tri-State Biodiesel, LLC*, No. 17-cv-2353 (RJS), 2018 WL 4538895, at *2 (S.D.N.Y. Sept. 20, 2018) ("[T]he statute of limitations for violations of the FLSA is ordinarily two years."). Although Defendants attempt to cast the possibility of a time bar as weighing in their favor, this finding favors Plaintiffs. *See Kogan*, 334 F.R.D. at 404 (collecting cases). Second, the moving Defendants were on actual notice that they were named in this lawsuit by October 27, 2020, notwithstanding the purported deficiencies in the affidavits. *See* Dkt. 23 (notice of appearance on

behalf of the moving Defendants dated October 27, 2020).  Third, although the moving Defendants did not attempt to conceal the defect in service, they did not file their motion to dismiss until nearly a year after the filing of the initial complaint, meaning that Plaintiffs were not aware that their affidavits of service would be challenged until months after the service deadline had passed.  *See, e.g.*, *Gear, Inc. v. L.A. Gear California, Inc.*, 637 F. Supp. 1323, 1325 (S.D.N.Y. 1986) (allowing an extension in service when "plaintiff had no reason to believe [its prior attempt at] service would be challenged" for much of the service period).  Fourth, the moving Defendants have not argued that they would be prejudiced by an extension of time apart from the ordinary burdens of litigation and the possibility of defending against time-barred claims.  Although "the Court recognizes the possibility of prejudice insofar as extending the service period beyond the statute of limitations period," *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 437 (S.D.N.Y. 2016), the Court finds that any such prejudice does not outweigh the countervailing considerations.  Finally, the record indicates that Plaintiffs have since served the amended complaint on the moving Defendants.  The affidavits of service of the amended complaint, moreover, do not contain the infirmities that purportedly rendered the former affidavits invalid, suggesting that Plaintiffs have attempted to cure any potential deficiencies.  Nor does the Court observe any other procedural or substantive defects on the face of the new affidavits.

      Having considered these factors, "the balance of equities," and "the general preference for deciding cases on the merits, the Court uses its discretionary authority under Rule 4(m)" to grant Plaintiffs an extension of the service deadline to February 28, 2022.  *DeLuca*, 695 F. Supp. 2d at 67.  Plaintiffs may perfect service by serving the amended complaint.  The moving Defendants must answer, move, or otherwise respond to the amended complaint by March 14, 2022.  The non-