UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORLANDO MINO HERNANDEZ, OSMEL  RUBEN
SOSA NAJERA, RAFAEL BASURTO GOMEZ, JOSE
LUIS MENDEZ, MIGUEL MIRANDA, ROSALIO
PEREZ, ANGEL GEOVANI RAMOS, and PALEMON
BENITO ANTONIO individually and on behalf of others
similarly situated,

    20 Civ. 4457-RA

    DECLARATION OF
    PETER M. LEVINE

        Plaintiffs,

    -against-

LIRA OF NEW YORK INC (D/B/A LUKE'S BAR &
GRILL), LUIGI MILITELO, TOMMY TIN, JONATHAN
MATEOS, and LUIGI LUSARDI,

        Defendants.

PETER M. LEVINE declares under the penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.     I am a member of the Bar of this Court and am counsel for all the defendants except Luigi Lusardi. I have personal knowledge of the facts contained in this Declaration, which I make to recount the procedural history of this case and in support of the motion by defendants Luigi Militelo, Tommy Tin, and Jonathan Mateos to dismiss the Complaint.

2.     Plaintiffs filed their Complaint June 9, 2020. Exhibit 1.

3.     According to the affidavit of service, sworn to September 17, 2020, defendant Lira of New York, Inc. was served with process through the New York Secretary of State on August 7, 2020. Exhibit 2.

4.     According to three other affidavits, service was allegedly effected upon defendants Luigi Militelo, Tommy Tin, and Jonathan Mateos at Lira's sole place of business, 1394 Third Avenue, New York, New York, on August 12, 2020 by the "leave and mail" method

authorized by section 308(2) of the New York Civil Practice Law and Rules. Exhibit 3.

5.      On September 24, 2020, the Court issued an order directing plaintiffs to explain by October 1, 2020, "when and in what manner" service of process "was made" upon the defendants. Exhibit 4. In response, on September 28, 2020, plaintiffs filed the affidavits of service. Exhibit 3

6.      On October 6, 2020, the Court issued an order setting a deadline, October 27, for the defendants to serve a response to the Complaint and setting a deadline, November 10, for the plaintiffs to file a motion for a default judgment. Exhibit 5.

7.      Each of the defendants (except Luigi Lusardi) filed a Notice of Appearance on October 27, 2020. Exhibit 6. Lira filed an Answer October 30, 2020. Exhibit 7. The individual defendants did not file an answer. Plaintiffs never filed a motion for a default judgment against the individual defendants.

8.      On November 2, 2020, six days after the individual defendants had filed their Notice of Appearance, the Court, *sua sponte*, designated this case for mediation, which was to "take place within 60 days," or by January 4, 2021. Exhibit 8.

9.      On January 4, 2021, after counsel had exchanged e-mails on the subject, the mediator confirmed that the mediation would proceed on February 9, 2021.That day, with my consent and with the blessing of the mediator, plaintiffs' counsel wrote to the Court: "Plaintiff now writes jointly with Defendants to request an extension of time to complete mediation which is currently scheduled for February 9, 2021 at 10 am, with the assigned mediator." The Court so-ordered the letter the next day, January 5. Exhibit 9.

10.     The mediation never proceeded, because plaintiffs abandoned the effort. On February 8, 2021, the day before the scheduled mediation, I received an e-mail from the

mediator: "I have written to and spoke to Mr. Johnson. His firm now objects to my appointment as the mediator. I have reported to this to the mediation office. I presume a new mediator will be appointed. Thank you for timely responses and mediation statements. We all recognize this late notice may have cause disruption in your schedule and your client's [sic], my regrets for that." Exhibit 10. More than two weeks later, on February 23, 2021, plaintiffs' counsel wrote to the Court seeking a pre-motion conference for the purpose of filing an amended complaint to join two additional plaintiffs. Exhibit 11. I responded two days later, February 25, seeking a pre-motion conference regarding, inter alia, dismissal of the Complaint against the individual defendants for lack of proper service. Exhibit 12. The next day, the Court, having been notified "that mediation was unsuccessful," referred this case "to Magistrate Judge Lehrburger for general pretrial." Exhibit 13.

11.     Magistrate Judge Lehrburger conducted an initial pretrial conference on March 16, 2021, during which defendants stated they planned to file a motion to dismiss, and plaintiffs stated they planned to file a motion to amend the complaint. Magistrate Judge Lehrburger set a briefing schedule for the motions. Exhibit 14.

12.     On May 4, 2021, the individual defendants moved to dismiss the Complaint for lack of proper service and plaintiffs moved for leave to file an amended complaint. The individual defendants supported their motion by declarations containing specific factual averments that the affidavit of service for the original summons and complaint was perjurious. Plaintiffs did not rebut the contentions of perjury other than through a conclusory statement that they were "speculative." Both motions were fully submitted June 17, 2021.

13.     By Order dated June 22, 2021, Magistrate Judge Lehrburger granted plaintiffs' motion for leave to file an amended complaint but stated: "To be clear, this grant of

leave does not address and has no bearing on the parties' arguments regarding whether this action may proceed as a class action or the viability of plaintiffs' claims or defendants' defenses." Exhibit 15.

14.    Plaintiffs filed an Amended Complaint June 23, 2021. Exhibit 16.

15.    Lira filed an answer to the Amended Complaint July 7, 2021. Exhibit 17.

16.    Plaintiffs filed an Amended Summons for each of Luigi Militelo, Jonathan Mateos, and Tommy Tin July 8, 2021, and the Clerk issued the Amended Summonses July 9, 2021. Exhibit 18.

17.    On September 10, 2021, while the motion to dismiss was pending, plaintiffs attempted to served the Amended Summons and Amended Complaint upon the individual defendants through me as their counsel of record. I objected:

> This attempt at service of process is totally improper and is rejected. As you know, a motion to dismiss this case against these three defendants is pending before Magistrate Judge Robert Lehrburger, and until that motion is decided, any attempted service of an Amended Summons and the First Amended Complaint is premature, at best. Moreover, I am not now nor have I ever been authorized to accept service of process upon any of these three defendants.

Exhibit 19.

18.    Plaintiffs then attempted to serve the individual defendants by other means. According to the filed affidavits of service, plaintiffs purported to effect service September 13, 2021 upon Luigi Militelo, Jonathan Mateos, and Tommy Ton by the "leave and mail" method under CPLR § 308(2). Exhibit 20. As shown by the accompanying Declarations of Luigi Militelo [dated March 14, 2022] and Diana Staley [dated March 12, 2022], such purported service was ineffective.

19.     In a Memorandum Opinion and Order dated January 31, 2022, District Judge Ronnie Abrams denied the individual defendants' motion to dismiss. Exhibit 21. Though finding the contentions of perjury "troubling" and though noting the "absence of good cause" for plaintiffs' failure to effect service of process within 90 days of filing the original complaint, Judge Abrams exercised her discretion to extend the service period and permitted plaintiffs to "perfect service by serving the amended complaint" by February 28, 2022.

20.     According to affidavits of service filed by plaintiffs, plaintiffs attempted serve Luigi Militelo, Jonathan Mateos, and Tommy Tin at the restaurant on February 17, 2022 by delivering the "Memorandum Opinion and Order; First Amended Complaint" to Lira of New York Inc. through an anonymous corporate "manager" without mailing anything. Exhibit 22. As shown by the accompanying Declaration of Luigi Militelo [dated March 14, 2022], this was not proper service.

21.     According to another affidavit of service, sworn to by one Nikolai Rael, plaintiffs attempted to serve Jonathan Mateos on February 17, 2022 by the "leave and mail" method permitted by CPLR § 308(2). Exhibit 23. As explained by the accompanying Declarations of Jonathan Mateos [dated March 14, 2022] and Enzo Mateos [dated March 13, 2022], plaintiffs failed to comply with the statute, so this was not proper service, either.

22.     In his affidavit, Nikolai Rael states he came to Jonathan Mateos's home at 8:09 p.m. on February 17, 2022. Exhibit 23. In another affidavit, Nikolai Rael claims to have served Tommy Tin at the exact same time that day. Exhibit 24. As shown in their accompanying Declarations, Messrs. Mateos and Tin live several miles from one another. It was impossible for them to have received anything from Nikolai Rael at the same time or even within any time less than 30 minutes.

23.     As explained in the accompanying memorandum of law, the Amended Complaint should be dismissed as against Jonathan Mateos and Tommy Tin for failure to state a claim against either as an "employer" as defined by the Fair Labor Standards Act.

24.     As explained in the memorandum of law, the class action claims should be dismissed as against all defendants for failure to plead facts that plausibly establish numerosity.

I declare the foregoing is true and correct.

Executed at New York, New York, March 14, 2022.

PETER M. LEVINE