UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORLANDO MINO HERNANDEZ, OSMEL RUBEN SOSA NAJERA, RAFAEL BASURTO GOMEZ, JOSE LUIS MENDEZ, MIGUEL MIRANDA, ROSALIO PEREZ, ANGEL GEOVANI RAMOS, and PALEMON BENITO ANTONIO individually and on behalf of others similarly situated, | 20 Civ. 4457-RA |
| Plaintiffs, | DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS |
| -against- | |
| LIRA OF NEW YORK INC (D/B/A LUKE'S BAR & GRILL), LUIGI MILITELO, TOMMY TIN, JONATHAN MATEOS, and LUIGI LUSARDI, | |
| Defendants. | |

ARGUMENT

I. Luigi Militelo and Jonathan Mateos Were Not Properly Served with Process

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *McIntire v. China MediaExpress Holdings, Inc.*, 927 F.Supp.2d 105, 132 (S.D.N.Y. 2013) (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

Under Rule 4(e)(1), Fed. R. Civ. P., an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Section 308(2) of the New York Civil Practice Law & Rules allows service upon a natural person by delivering the summons to a person of suitable age and discretion at the actual place of business of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or at his or her actual place of business.

Under CPLR § 308(2), mere leaving is insufficient, so is mere mailing. "Jurisdiction is not acquired pursuant to CPLR 308(2) unless both the delivery and mailing requirements have been strictly complied with." *Est. of Perlman v. Kelley*, 175 A.D.3d 1249, 1250, 108 N.Y.S.3d 28, 30 (2d Dep't 2019). Plaintiffs have not established they complied with either requirement with respect to the purported service upon Luigi Militelo, Jonathan Mateos, and Tommy Tin in September 2021 or with respect to the purported service upon Luigi Militelo and Jonathan Mateos in February 2022.

When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service. *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010); *George v. Pro. Disposables Int'l, Inc.*, 221 F.Supp.3d 428, 432 (S.D.N.Y. 2016) (Abrams, J.). Although a process server's affidavit constitutes prima facie evidence of proper service, this evidence may be rebutted by a defendant's sworn denial of receipt of service. *Uppal v. N.Y.S. Dep't of Health*, 2019 WL 4735385, at *4 (S.D.N.Y. Sept. 27, 2019) (citing *Rana v. Islam*, 305 F.R.D. 53, 63 (S.D.N.Y. 2015)). Conclusory statements do not suffice to overcome a defendant's sworn affidavit that service was improper. *Proctor v. McCoy*, 2020 WL 5816957, at *3 (S.D.N.Y. Sept. 30, 2020); *Zherka v. Ryan*, 52 F.Supp.3d 571, 576-77 (S.D.N.Y. 2014).

Here, plaintiffs have three times failed to effect service by the "leave and mail" method permitted by CPLR § 308(2). They failed against Luigi Militelo, Jonathan Mateos, and Tommy Tin in August 2020. They failed again against those three defendants in September 2021. They failed again against Luigi Militelo and Jonathan Mateos in February 2022. Luigi Militelo and Jonathan Mateos having presented a detailed rebuttal to plaintiffs' assertion of having effected service upon them, the Amended Complaint as against them should be dismissed for lack of proper service.

II.     The Deadline for Service Should Be Not Be Extended

Rule 4(m), Fed. R. Civ. P., provides:

If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Good cause under Rule 4(m) exists only in exceptional circumstances, when the failure to serve process timely was the result of circumstances beyond the plaintiff's control. A plaintiff seeking a good-cause extension bears a heavy burden of proof, which is not satisfied by showing the plaintiff encountered some unanticipated difficulty. *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 401-02 (S.D.N.Y. 2020). An attorney's inadvertence, neglect, or mistake is not good cause. *Id.* "This proposition applies equally to corporate litigants as well as individual litigants, to rich litigants as well as poor litigants, and to big-firm lawyers as well as sole practitioners." *George v. Pro. Disposables Int'l, Inc.*, 221 F.Supp.3d 428, 443 (S.D.N.Y. 2016) (Abrams, J.).

Plaintiffs have had more than enough time and more than sufficient opportunity to effect proper service upon Luigi Militelo and Jonathan Mateos. Despite the obvious perjury in the affidavits regarding the purported service in August 2020, Judge Abrams generously indulged plaintiffs by granting them an extension to perfect service of the Amended Complaint. Plaintiffs should not so indulged again. Plaintiffs have again filed perjurious affidavits of service. Elijah White lied about asking whether Luigi Militelo, Jonathan Mateos, and Tommy Tin were "in active military service of the United States or the State of New York" in September 2021. *Staley Decl. ¶ 3* ; *Levine Decl. Ex. 20.* Elijah White also lied about mailing papers to those defendants at their place of business. *Militelo Decl ¶ 3*. Nikolai Rael lied about serving both Jonathan Mateos and Tommy Tin at their homes simultaneously at 8:09 p.m. on

February 17, 2022. *Mateos Decl. ¶ 7* ; *Tin Decl. ¶ 6*. Nikolai Rael also lied about asking whether Jonathan Mateos was "in active military service of the United States or the State of New York." *E. Mateos Decl. ¶ 3*. Nikolai Rael also lied about mailing papers to Jonathan Mateos at his home on some unspecified date within 20 days of February 17, 2022. *J. Mateos Decl. ¶¶ 5-6* ; *Levine Decl. Ex. 23*.

Because plaintiffs cannot show good cause for failing to serve the process upon Luigi Militelo and Jonathan Mateos within 90 days after the filing of the original Complaint, plaintiffs' time to effect service upon those defendants should not again be extended.

III.    Plaintiffs Have Failed to Meet the Pleading Standard for Class Certification

Plaintiffs purport to assert claims on behalf of a class, but they have failed to allege plausibly the ostensible "class is so numerous that joinder of all members is impracticable." *Fed R. Civ. P. 23(a)(1)*.

When a class consists of forty or more members, numerosity is presumed. *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir.1995). The Amended Complaint [at ¶ 210] conveniently claims a class exceeding that threshold:

> Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

This is the totality of the allegations relating to the numerosity requirement of Rule 23. The Amended Complaint gives not one clue of how the class can possibly reach 60, or even exceed 40, members.

For class actions, Rule 8, in conjunction with Rule 23, requires the complaint to state facts that plausibly establish numerosity. *Carlson v. Northrop Grumman Corp.*, 2014 WL 5334038, at *3 (N.D. Ill. Oct. 20, 2014). The invocation of a class action must be supported

by factual allegations demonstrating such an action is appropriate and discovery on class certification is warranted. *Rovinelli v. Trans World Ent. Corp.*, 2021 WL 752822, at *7 (D. Mass. Feb. 2, 2021), *app. dis'd*, 2021 WL 3772017 (1st Cir. May 12, 2021); *Sallie Holly v. Alta Newport Hosp., Inc.*, 2020 WL 6161457, at *5 (C.D. Cal. Oct. 21, 2020).

The Amended Complaint is devoid of the requisite facts. Plaintiffs' wild guess about the size of the class is insufficient to meet the pleading standards of Rules 8 and 23. *Shaw v. Helix Energy Sols. Grp., Inc.*, 2019 WL 3557843, at *4 (S.D. Tex. July 12, 2019), *rpt. & rec'n adopted*, 2019 WL 3548914 (S.D. Tex. Aug. 2, 2019). *See Bd. of Trustees of S. Calif. IBEW-NECA Defined Contrib. Plan v. Bank of New York Mellon Corp.*, 287 F.R.D. 216, 223 (S.D.N.Y. 2012) ("Where the plaintiff's assertion of numerosity is pure speculation or bare allegations, the motion for class certification fails").

The class action claims against Lira of New York Inc., Luigi Militelo, Jonathan Mateos, and Tommy Tin should be dismissed.[1]

---

[1] Though Lira of New York Inc. has served an anser to the Amended Complaint, Lira may move under Rule 12(c) to dismiss the class action claims for failure to state a claim. *Fed. R. Civ. P. Rule 12(h)(2)* ; *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) ("The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that [for granting] a Rule 12(b)(6) motion for failure to state a claim").

IV.  **Plaintiffs Have Failed to Properly Allege that Either Jonathan Mateos or Tommy Tin is an Employer**

The Amended Complaint names as defendants Tommy Tin, a chef a Luke's Bar & Grill, and Jonathan Mateos, a waiter. Plaintiffs allege each is an "employer" as defined by both the Fair Labor Standards Act and the New York Labor Law.

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *29 U.S.C. § 203(d)*. The statutory standard under the NYLL is nearly identical: "'Employer' includes any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service." *N.Y. Labor Law § 190(3)*. District Courts in the Second Circuit have consistently interpreted the definition of "employer" under the NYLL coextensively with the definition under the FLSA. *Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F.Supp.3d 490, 511 (S.D.N.Y. 2015).

When determining employer status under the FLSA, "control is key." *Lopez v. Acme Am. Envtl. Co.*, 2012 WL 6062501, at *3 (S.D.N.Y. Dec. 6, 2012). Under the "economic reality" test, courts consider four factors to determine if a defendant is an employer: "whether the individual: (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *de Los Santos v. Marte Constr., Inc.*, 2020 WL 8549054, at *3 (S.D.N.Y. Nov. 25, 2020), *rpt. & rec'n adopted*, 2020 WL 8549055 (S.D.N.Y. Dec. 17, 2020).

Here, plaintiffs have not properly pleaded that, under the economic reality test, either Tin or Mateos is an employer for the purposes of liability under the FLSA or the NYLL. The Amended Complaint [at ¶¶ 39-40] labels each as a "manager" then mouths the factors of

the economic reality test. The Amended Complaint provides no particulars of either gentleman's actual duties or either gentleman's economic relationship with any plaintiff. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

In reality, neither Tin nor Mateos has any responsibility for hiring, firing or setting the wages, schedules, or working conditions of any other employee at Lira of New York Inc. No Lira employee reports to or is supervised by either Tin or Mateos. Neither Tin nor Mateos maintains the employment records of any other employee. *Tin Decl. ¶ 2; Mateos Decl. ¶ 2.* The allegations of employer status against Tin and Mateos have no evidentiary support; nor will they ever.

## CONCLUSION

The motion of defendants Lira of New York Inc., Luigi Militelo, Jonathan Mateos, and Tommy Tin should in all respects be granted.

Dated: New York, New York
March 14, 2022

PETER M. LEVINE (PML-7630)
Attorney for Lira of New York Inc.,
Luigi Militelo, Jonathan Mateos, and
Tommy Tin
444 Madison Avenue, Suite 410
New York, New York 10022
212-599-0009