UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/6/2022
```

------------------------------------------------------------

Hernandez et al

                      Plaintiff(s),

   -against-

Lira of New York Inc. et al

                      Defendant(s).

------------------------------------------------------------

20 CIV. NO. 4457

~~[Proposed]~~ **Civil Case Management Plan and Scheduling Order**

The parties submit this ~~[Proposed]~~ Civil Case Management Plan and Order pursuant to Federal Rule of Civil Procedure 26(f):

**1.**    **Meet and Confer:** The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on 4/4/22.

**2.**    **Alternative Dispute Resolution / Settlement:**

    **a.**    Settlement discussions have ☐ / have not ☑ taken place.

    **b.**    The parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

    **c.**    The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate Judge, (ii) participation in the District's Mediation Program, and (ii) retention of a private mediator. The parties propose the following alternative dispute mechanism for this case:

1

    **d.**    The parties recommend that the alternative dispute resolution mechanism designated above be employed at the following point in the case (e.g., within the next 30 days; after exchange of specific information; after deposition of plaintiff; etc.):

    **e.**    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

**3.**    **The Parties' Summary of Their Claims, Defenses, and Relevant Issues:**

<u>Plaintiff(s)</u>:

The Plaintiffs have brought claims under the FLSA and NYLL for failure to pay minimum wage and over time, failure to pay spread of hours under the NYLL, unlawfully deducting wages under the FLSA and the NYLL, and failure to make timely wage payments under the NYLL.

<u>Defendant(s)</u>:

Luigi Militello has not been properly served and is not under the jurisdiction of the Court. Tommy Tin has been improperly named as an "Employer." Each plaintiff who actually worked for Lira of New York, Inc. (not all the named plaintiffs have) was paid for all the hours he worked.

**4.**    **The Parties' Asserted Basis of Subject Matter Jurisdiction:**

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

**5.**    **Subjects on Which Discovery May Be Needed:**

<u>Plaintiff(s)</u>:

The Plaintiffs will seek Defendants' employment records, specifically time cards, payroll records, and other documents relating to Plaintiffs' wages and hours, and further seek to depose Defendants on the subject of their employment practices.

<u>Defendant(s)</u>:

Defendants will seek documents substantiating plaintiffs' claims and may depose each plaintiff.

6.  **Initial Disclosures** pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than  4/29/22 .

7.  **Amended Pleadings:**

    a.  No additional parties may be joined after 4/29/22 . Any motion to join after this date will need to meet the good cause requirements of F.R.C.P. 16.

    b.  No amended pleadings may be filed after 4/29/22 . Any motion to amend after this date will need to meet the good cause requirements of F.R.C.P. 16.

8.  **Fact Discovery:**

    a.  All fact discovery shall be completed by 10/31/22 .

    b.  Initial requests for production were/will be served by 6/30/22 . Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

    c.  Initial interrogatories shall be served by 6/30/22 . Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

    d.  Depositions shall be completed by 10/30/22 .

    e.  Requests to admit shall be served by 9/30/22 .

    f.  The parties propose the following limits on discovery:

    g.  Except as otherwise modified in 8(f) above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to

the Court, provided that the parties meet the deadline for completing fact discovery.

 h. The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery:

9. **Expert Discovery (if applicable):**

 a. The parties do ☐ / do not ☑ anticipate using testifying experts.

 b. Anticipated areas of expertise:

 c. Expert discovery shall be completed by _____.

 d. By _____, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.

 e. The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery:

10. **Electronic Discovery and Preservation of Documents and Information:**

(If appropriate for the case, use the Court's Joint Electronic Discovery Submission and Proposed Order available at: http://nysd.uscourts.gov/judge/Lehrburger.

 a. The parties have ☐ / have not ☑ discussed electronic discovery.

 b. If applicable, the parties shall have a protocol for electronic discovery in place by _____.

4

    c.    The parties would like to address at the conference with the Court the following disputes, if any, concerning electronic discovery:

**11. Anticipated Motions** (other than summary judgment, if any)**:**

There is a pending motion on behalf of Luigi Militello and Tommy Tin to dismiss the First Amended Complaint.

**12. Summary Judgment Motions:** No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge, that it intends to move for summary judgment and, if required by the District Judge's Individual Practices, request a pre-motion conference.

If pre-motion clearance has been obtained from the District Judge where required, summary judgment motions must be filed no later than 30 days following the close of all discovery if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge. If no pre-motion conference is required, summary judgment motions must be filed no later than 30 days following the close of discovery.

Any summary judgment motion must comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Individual Practices of the District Judge to whom the case is assigned.

**13. Pretrial Submissions:** The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.

**14. Trial:**

    a.    All parties do ☐ / do not ☑ consent to a trial before a Magistrate Judge at this time.

    b.    The case is ☑ / is not ☐ to be tried to a jury.

    **c.**    The parties anticipate that the trial of this case will require __4-5__ days.

**15.**    **Other Matters the Parties Wish to Address (if any):**

**16.**    The Court will fill in the following:

☐  A status conference will be held before the undersigned on _____ at _____.m. in Courtroom 18D, 500 Pearl Street.

☑  The parties shall submit a joint status letter by __every 60 days__ no longer than __ pages.

Dated: 4/6/2022

SO ORDERED.

_____
ROBERT W. LEHRBURGER
United States Magistrate Judge

PLAINTIFF(S):  
Clela Errington  
_____  
ATTORNEY NAME(s):

DEFENDANT(S):  
Peter M. Levine  
_____  
ATTORNEY NAME(s)

6

```
```
CSM Legal, P.C.  
_____  

60 E 42nd. St. Suite 4510  
New York, NY 10165  
ADDRESS  

TEL: 212 317 1200  
EMAIL: clela@csmlegal.com  

_____  

444 Madison Avenue, Suite 410  
New York, New York 10022  
ADDRESS  

TEL: 212-599-0009  
EMAIL: chief@pmlevinelaw.com  

7