UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X     Case No. 1:20-cv-04457 (RA)(RWL)

ORLANDO MINO HERNANDEZ, OSMEL
RUBEN SOSA NAJERA, RAFAEL BASURTO
GOMEZ, JOSE LUIS MENDEZ, MIGUEL
MIRANDA, ROSALIO PEREZ, ANGEL
GEOVANI RAMOS, and PALEMON BENITO
ANTONIO, Individually and on behalf of others
similarly situated,                                                                          **ANSWER TO SECOND**
                                                                                                           **AMENDED COMPLAINT**

                                          Plaintiffs,

            -against-

LIRA OF NEW YORK INC (D/B/A LUKE'S
BAR & GRILL), LUIGI MILITELO, TOMMY
TIN, JONATHAN MATEOS, and LUIGI LUSARDI

                                          Defendants.
-----------------------------------------------------------------X

            The Answering Defendant LUIGI LUSARDI (hereinafter referred to as the "Answering

Defendant"), by and through their counsel, Mark B. Stumer & Associates, PC., respectfully

answers the Plaintiffs Second Amended Complaint dated April 1, 2022 (hereinafter referred to as

the "Complaint") all upon information and belief as follows:

            1.          Denies having knowledge or information sufficient to admit or deny the

allegations contained in paragraph 1 of the Complaint but admits that Plaintiffs Hernandez and

Ramos were employed with Lira of New York Inc d/b/a Luke's Bar & Grill ("Luke's) when

Answering Defendant was still a part Owner of Luke's.

            2.          Denies having knowledge or information sufficient to admit or deny the

allegations contained in paragraph 2 of the Complaint but admit that Answering Defendant did

own, in part, a bar located at 1394 3rd Ave, New York, NY 10075 under the name "Luke's Bar & Grill" until July 21, 2014.

3. States that the allegations in paragraph 3 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

4. Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 4 of the Complaint but admits that Plaintiffs Hernandez and Ramos were employed with Luke's when Answering Defendant was still a part Owner of Luke's.

5. Denies the allegations contained in paragraph 5 of the Complaint.

6. Denies the allegations contained in paragraph 6 of the Complaint.

7. Denies the allegations contained in paragraph 7 of the Complaint.

8. Denies the allegations contained in paragraph 8 of the Complaint.

9. Denies the allegations contained in paragraph 9 of the Complaint.

10. Denies the allegations contained in paragraph 10 of the Complaint.

11. Denies the allegations contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. States that the allegations in paragraph 16 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

17. States that the allegations in paragraph 17 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

18.     States that the allegations in paragraph 18 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

19.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 19 of the Complaint.

20.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 20 of the Complaint.

21.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 21 of the Complaint.

22.     Denies the allegations contained in paragraph 22 of the Complaint.

23.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 23 of the Complaint.

24.     Denies the allegations contained in paragraph 24 of the Complaint.

25.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 25 of the Complaint.

26.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 26 of the Complaint.

27.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 27 of the Complaint.

28.     Denies the allegations contained in paragraph 28 of the Complaint.

29.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 29 of the Complaint.

30.     Denies the allegations contained in paragraph 30 of the Complaint.

31.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 31 of the Complaint.

32.     Denies the allegations contained in paragraph 32 of the Complaint.

33.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 33 of the Complaint.

34.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 34 of the Complaint.

35.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 35 of the Complaint except admits that Answering Defendant was a part owner of Luke's until July 21, 2014.

36.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 36 of the Complaint.

37.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 37 of the Complaint.

38.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 38 of the Complaint.

39.     Denies the allegations contained in paragraph 39 of the Complaint.

40.     Denies the allegations contained in paragraph 40 of the Complaint except admits that Answering Defendant was a part owner of Luke's until July 21, 2014.

41.     Denies the allegations contained in paragraph 41 of the Complaint except admits that Answering Defendant was a part owner of Luke's until July 21, 2014.

42.     Denies the allegations contained in paragraph 42 of the Complaint.

43.    Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 43 of the Complaint except admits that Answering Defendant was a part owner of Luke's until July 21, 2014.

44.    Denies the allegations contained in paragraph 44 of the Complaint.

45.    Denies the allegations contained in paragraph 45 of the Complaint.

46.    Denies the allegations contained in paragraph 46(a)-(h) of the Complaint.

47.    Denies the allegations contained in paragraph 47 of the Complaint.

48.    Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 48 of the Complaint.

49.    Denies the allegations contained in paragraph 49 of the Complaint.

50.    Denies the allegations contained in paragraph 50 of the Complaint.

51.    Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 51 of the Complaint.

52.    Denies the allegations contained in paragraph 52 of the Complaint.

53.    Denies the allegations contained in paragraph 53 of the Complaint.

54.    Denies the allegations contained in paragraph 54 of the Complaint.

55.    Denies the allegations contained in paragraph 55 of the Complaint.

56.    Denies the allegations contained in paragraph 56 of the Complaint.

57.    Denies the allegations contained in paragraph 57 of the Complaint.

58.    Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 58 of the Complaint.

59.    Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 59 of the Complaint.

60.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 60 of the Complaint.

61.     Denies the allegations contained in paragraph 61 of the Complaint.

62.     Denies the allegations contained in paragraph 62 of the Complaint.

63.     Denies the allegations contained in paragraph 63 of the Complaint.

64.     Denies the allegations contained in paragraph 64 of the Complaint.

65.     Denies the allegations contained in paragraph 65 of the Complaint.

66.     Denies the allegations contained in paragraph 66 of the Complaint.

67.     Denies the allegations contained in paragraph 67 of the Complaint.

68.     Denies the allegations contained in paragraph 68 of the Complaint.

69.     Denies the allegations contained in paragraph 69 of the Complaint.

70.     Denies the allegations contained in paragraph 70 of the Complaint.

71.     Denies the allegations contained in paragraph 71 of the Complaint.

72.     Denies the allegations contained in paragraph 72 of the Complaint.

73.     Denies the allegations contained in paragraph 73 of the Complaint.

74.     Denies the allegations contained in paragraph 74 of the Complaint.

75.     Denies the allegations contained in paragraph 75 of the Complaint.

76.     Denies the allegations contained in paragraph 76 of the Complaint.

77.     Denies the allegations contained in paragraph 77 of the Complaint.

78.     Denies the allegations contained in paragraph 78 of the Complaint.

79.     Denies the allegations contained in paragraph 79 of the Complaint except admit that Answering Defendant did not purchase shoes for Hernandez.

80.     Denies the allegations contained in paragraph 80 of the Complaint.

81.     Denies the allegations contained in paragraph 81 of the Complaint.

82.     Denies the allegations contained in paragraph 82 of the Complaint.

83.     Denies the allegations contained in paragraph 83 of the Complaint.

84.     Denies the allegations contained in paragraph 84 of the Complaint.

85.     Denies the allegations contained in paragraph 85 of the Complaint.

86.     Denies the allegations contained in paragraph 86 of the Complaint.

87.     Denies the allegations contained in paragraph 87 of the Complaint

88.     Denies the allegations contained in paragraph 88 of the Complaint.

89.     Denies the allegations contained in paragraph 89 of the Complaint.

90.     Denies the allegations contained in paragraph 90 of the Complaint.

91.     Denies the allegations contained in paragraph 91 of the Complaint.

92.     Denies the allegations contained in paragraph 92 of the Complaint.

93.     Denies the allegations contained in paragraph 93 of the Complaint.

94.     Denies the allegations contained in paragraph 94 of the Complaint.

95.     Denies the allegations contained in paragraph 95 of the Complaint.

96.     Denies the allegations contained in paragraph 96 of the Complaint.

97.     Denies the allegations contained in paragraph 97 of the Complaint.

98.     Denies the allegations contained in paragraph 98 of the Complaint.

99.     Denies the allegations contained in paragraph 99 of the Complaint.

100.    Denies the allegations contained in paragraph 100 of the Complaint.

101.    Denies the allegations contained in paragraph 101 of the Complaint.

102.    Denies the allegations contained in paragraph 102 of the Complaint.

103.    Denies the allegations contained in paragraph 103 of the Complaint.

104.    Denies the allegations contained in paragraph 104 of the Complaint.

105.    Denies the allegations contained in paragraph 105 of the Complaint.

106.    Denies the allegations contained in paragraph 106 of the Complaint.

107.    Denies the allegations contained in paragraph 107 of the Complaint.

108.    Denies the allegations contained in paragraph 108 of the Complaint.

109.    Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 109 of the Complaint.

110.    Denies the allegations contained in paragraph 110 of the Complaint.

111.    Denies the allegations contained in paragraph 111 of the Complaint.

112.    Denies the allegations contained in paragraph 112 of the Complaint.

113.    Denies the allegations contained in paragraph 113 of the Complaint.

114.    Denies the allegations contained in paragraph 114 of the Complaint.

115.    Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 115 of the Complaint.

116.    Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 116 of the Complaint.

117.    Denies the allegations contained in paragraph 117 of the Complaint.

118.    Denies the allegations contained in paragraph 118 of the Complaint.

119.    Denies the allegations contained in paragraph 119 of the Complaint.

120.    Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 120 of the Complaint.

121.    Denies the allegations contained in paragraph 121 of the Complaint.

122.    Denies the allegations contained in paragraph 122 of the Complaint.

123.    Denies the allegations contained in paragraph 123 of the Complaint.

124.    Denies the allegations contained in paragraph 124 of the Complaint.

125.    Denies the allegations contained in paragraph 125 of the Complaint.

126.    Denies the allegations contained in paragraph 126 of the Complaint.

127.    Denies the allegations contained in paragraph 127 of the Complaint.

128.    Denies the allegations contained in paragraph 128 of the Complaint.

129.    Denies the allegations contained in paragraph 129 of the Complaint.

130.    Denies the allegations contained in paragraph 130 of the Complaint.

131.    Denies the allegations contained in paragraph 131 of the Complaint.

132.    Denies the allegations contained in paragraph 132 of the Complaint.

133.    Denies the allegations contained in paragraph 133 of the Complaint.

134.    Denies the allegations contained in paragraph 134 of the Complaint.

135.    Denies the allegations contained in paragraph 135 of the Complaint.

136.    Denies the allegations contained in paragraph 136 of the Complaint.

137.    Denies the allegations contained in paragraph 137 of the Complaint.

138.    Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 138 of the Complaint.

139.    Denies the allegations contained in paragraph 139 of the Complaint.

140.    Denies the allegations contained in paragraph 140 of the Complaint.

141.    Denies the allegations contained in paragraph 141 of the Complaint.

142.    Denies the allegations contained in paragraph 142 of the Complaint.

143.    Denies the allegations contained in paragraph 143 of the Complaint.

144.    Denies the allegations contained in paragraph 144 of the Complaint.

145.    Denies the allegations contained in paragraph 145 of the Complaint.

146.    Denies the allegations contained in paragraph 146 of the Complaint.

147.    Denies the allegations contained in paragraph 147 of the Complaint.

148.    Denies the allegations contained in paragraph 148 of the Complaint.

149.    Denies the allegations contained in paragraph 149 of the Complaint.

150.    Denies the allegations contained in paragraph 150 of the Complaint.

151.    Denies the allegations contained in paragraph 151 of the Complaint.

152.    Denies the allegations contained in paragraph 152 of the Complaint.

153.    Denies the allegations contained in paragraph 153 of the Complaint.

154.    Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 154 of the Complaint.

155.    Denies the allegations contained in paragraph 155 of the Complaint.

156.    Denies the allegations contained in paragraph 156 of the Complaint.

157.    Denies the allegations contained in paragraph 157 of the Complaint.

158.    Denies the allegations contained in paragraph 158 of the Complaint.

159.    Denies the allegations contained in paragraph 159 of the Complaint.

160.    Denies the allegations contained in paragraph 160 of the Complaint.

161.    Denies the allegations contained in paragraph 161 of the Complaint.

162.    Denies the allegations contained in paragraph 162 of the Complaint.

163.    Denies the allegations contained in paragraph 163 of the Complaint.

164.    Denies the allegations contained in paragraph 164 of the Complaint.

165.    Denies the allegations contained in paragraph 165 of the Complaint.

166.    Denies the allegations contained in paragraph 166 of the Complaint.

167.    Denies the allegations contained in paragraph 167 of the Complaint.

168.    Denies the allegations contained in paragraph 168 of the Complaint.

169.    Denies the allegations contained in paragraph 169 of the Complaint.

170.    Denies the allegations contained in paragraph 170 of the Complaint.

171.    Denies the allegations contained in paragraph 171 of the Complaint.

172.    Denies the allegations contained in paragraph 172 of the Complaint.

173.    Denies the allegations contained in paragraph 173 of the Complaint.

174.    Denies the allegations contained in paragraph 174 of the Complaint.

175.    Denies the allegations contained in paragraph 175 of the Complaint.

176.    Denies the allegations contained in paragraph 176 of the Complaint.

177.    Denies the allegations contained in paragraph 177 of the Complaint.

178.    Denies the allegations contained in paragraph 178 of the Complaint.

179.    Denies the allegations contained in paragraph 179 of the Complaint.

180.    Denies the allegations contained in paragraph 180 of the Complaint.

181.    Denies the allegations contained in paragraph 181 of the Complaint.

182.    Denies the allegations contained in paragraph 182 of the Complaint.

183.    Denies the allegations contained in paragraph 183 of the Complaint.

184.    Denies the allegations contained in paragraph 184 of the Complaint.

185.    Denies the allegations contained in paragraph 185 of the Complaint.

186.    Denies the allegations contained in paragraph 186 of the Complaint.

187.    Denies the allegations contained in paragraph 187 of the Complaint.

188.    Denies the allegations contained in paragraph 188 of the Complaint.

189.    Denies the allegations contained in paragraph 189 of the Complaint.

190.     Denies the allegations contained in paragraph 190 of the Complaint.

191.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 191 of the Complaint.

192.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 192 of the Complaint.

193.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 193 of the Complaint.

194.     Denies the allegations contained in paragraph 194 of the Complaint.

195.     Denies the allegations contained in paragraph 195 of the Complaint.

196.     Denies the allegations contained in paragraph 196 of the Complaint.

197.     Denies the allegations contained in paragraph 197 of the Complaint.

198.     Denies the allegations contained in paragraph 198 of the Complaint.

199.     Denies the allegations contained in paragraph 199 of the Complaint.

200.     Denies the allegations contained in paragraph 200 of the Complaint.

201.     Denies the allegations contained in paragraph 201 of the Complaint.

202.     Denies the allegations contained in paragraph 202 of the Complaint.

203.     Denies the allegations contained in paragraph 203 of the Complaint.

204.     Denies the allegations contained in paragraph 204 of the Complaint.

205.     Denies the allegations contained in paragraph 205 of the Complaint.

206.     Denies the allegations contained in paragraph 206 of the Complaint.

207.     Denies the allegations contained in paragraph 207 of the Complaint.

208.     Denies the allegations contained in paragraph 208 of the Complaint.

209.     Denies the allegations contained in paragraph 209 of the Complaint.

210.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 210 of the Complaint.

211.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 211 of the Complaint.

212.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 212 of the Complaint.

213.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 213 of the Complaint.

214.     Denies the allegations contained in paragraph 214 of the Complaint.

215.     Denies the allegations contained in paragraph 215 of the Complaint.

216.     Denies the allegations contained in paragraph 216 of the Complaint.

217.     Denies the allegations contained in paragraph 217 of the Complaint.

218.     Denies the allegations contained in paragraph 218 of the Complaint.

219.     Denies the allegations contained in paragraph 219 of the Complaint.

220.     Denies the allegations contained in paragraph 220 of the Complaint.

221.     Denies the allegations contained in paragraph 221 of the Complaint.

222.     Denies the allegations contained in paragraph 222 of the Complaint.

223.     Denies the allegations contained in paragraph 223 of the Complaint.

224.     Denies the allegations contained in paragraph 224 of the Complaint.

225.     Denies the allegations contained in paragraph 225 of the Complaint.

226.     Denies the allegations contained in paragraph 226 of the Complaint.

227.     Denies the allegations contained in paragraph 227 of the Complaint.

228.     Denies the allegations contained in paragraph 228 of the Complaint.

229.    Denies the allegations contained in paragraph 229 of the Complaint.

230.    Denies the allegations contained in paragraph 230 of the Complaint.

231.    Denies the allegations contained in paragraph 231 of the Complaint.

232.    Denies the allegations contained in paragraph 232 of the Complaint.

233.    Denies the allegations contained in paragraph 233 of the Complaint.

234.    Denies the allegations contained in paragraph 234 of the Complaint.

235.    Denies the allegations contained in paragraph 235 of the Complaint.

236.    Denies the allegations contained in paragraph 236 of the Complaint.

237.    Denies the allegations contained in paragraph 237 of the Complaint.

238.    Denies the allegations contained in paragraph 238 of the Complaint.

239.    Denies the allegations contained in paragraph 239 of the Complaint.

240.    Denies the allegations contained in paragraph 240 of the Complaint.

241.    Denies the allegations contained in paragraph 241 of the Complaint.

242.    Denies the allegations contained in paragraph 242 of the Complaint.

243.    Denies the allegations contained in paragraph 243 of the Complaint.

244.    Denies the allegations contained in paragraph 244 of the Complaint.

245.    Denies the allegations contained in paragraph 245 of the Complaint.

246.    Denies the allegations contained in paragraph 246 of the Complaint.

247.    Denies the allegations contained in paragraph 247 of the Complaint.

248.    Denies the allegations contained in paragraph 248 of the Complaint.

249.    Denies the allegations contained in paragraph 249 of the Complaint.

250.    Denies the allegations contained in paragraph 250 of the Complaint.

251.     States that the allegations in the second paragraph numbered 217 require no response, and if any is deemed necessary, incorporates by reference all preceding respective paragraphs contained in this Answer.

252.     Denies the allegations contained in the second paragraph numbered 218 of the Complaint.

253.     Denies the allegations contained in the second paragraph numbered 219 of the Complaint.

254.     Denies the allegations contained in the second paragraph numbered 220 of the Complaint.

255.     Denies the allegations contained in the second paragraph numbered 221 of the Complaint.

256.     Denies the allegations contained in the second paragraph numbered 222 of the Complaint.

257.     Denies the allegations contained in the second paragraph numbered 223 of the Complaint.

258.     States that the allegations in the second paragraph numbered 224 require no response, and if any is deemed necessary, incorporates by reference all preceding respective paragraphs contained in this Answer.

259.     Denies the allegations contained in the second paragraph numbered 225 of the Complaint.

260.     Denies the allegations contained in the second paragraph numbered 226 of the Complaint.

261.    Denies the allegations contained in the second paragraph numbered 227 of the Complaint.

262.    States that the allegations in the second paragraph numbered 228 require no response, and if any is deemed necessary, incorporates by reference all preceding respective paragraphs contained in this Answer.

263.    Denies the allegations contained in the second paragraph numbered 229 of the Complaint.

264.    Denies the allegations contained in the second paragraph numbered 230 of the Complaint.

265.    Denies the allegations contained in the second paragraph numbered 231 of the Complaint.

266.    Denies the allegations contained in the second paragraph numbered 232 of the Complaint.

267.    States that the allegations in the second paragraph numbered 233 require no response, and if any is deemed necessary, incorporates by reference all preceding respective paragraphs contained in this Answer.

268.    Denies the allegations contained in the second paragraph numbered 234 of the Complaint.

269.    Denies the allegations contained in the second paragraph numbered 235 of the Complaint.

270.    Denies the allegations contained in the second paragraph numbered 236 of the Complaint.

271.     States that the allegations in the second paragraph numbered 237 require no response, and if any is deemed necessary, incorporates by reference all preceding respective paragraphs contained in this Answer.

272.     Denies the allegations contained in the second paragraph numbered 238 of the Complaint.

273.     Denies the allegations contained in the second paragraph numbered 239 of the Complaint.

274.     States that the allegations in the second paragraph numbered 240 require no response, and if any is deemed necessary, incorporates by reference all preceding respective paragraphs contained in this Answer.

275.     Denies the allegations contained in the second paragraph numbered 241 of the Complaint.

276.     Denies the allegations contained in the second paragraph numbered 242 of the Complaint.

277.     States that the allegations in the second paragraph numbered 243 require no response, and if any is deemed necessary, incorporates by reference all preceding respective paragraphs contained in this Answer.

278.     Denies the allegations contained in the second paragraph numbered 244 of the Complaint.

279.     Denies the allegations contained in the second paragraph numbered 245 of the Complaint.

280.    States that the allegations in the second paragraph numbered 246 require no response, and if any is deemed necessary, incorporates by reference all preceding respective paragraphs contained in this Answer.

281.    Denies the allegations contained in the second paragraph numbered 247 of the Complaint.

282.    Denies the allegations contained in the second paragraph numbered 248 of the Complaint.

283.    States that the allegations in the second paragraph numbered 249 require no response, and if any is deemed necessary, incorporates by reference all preceding respective paragraphs contained in this Answer.

284.    Denies the allegations contained in the second paragraph numbered 250 of the Complaint.

285.    Denies the allegations contained in the second paragraph numbered 251 of the Complaint.

286.    Denies the allegations contained in the second paragraph numbered 252 of the Complaint.

287.    Denies the allegations contained in the second paragraph numbered 253 of the Complaint.

288.    Denies the allegations contained in the second paragraph numbered 254 of the Complaint.

289.    States that the allegations in the second paragraph numbered 255 require no response, and if any is deemed necessary, incorporates by reference all preceding respective paragraphs contained in this Answer.

290.    Denies the allegations contained in the second paragraph 256 of the Complaint.

291.    Denies the allegations contained in the second paragraph 257 of the Complaint.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

292.    Plaintiffs' Rule 23 class claims are incompatible with their Rule 216(b) collective action claims.  Accordingly, this Court should dismiss Plaintiffs' Rule 23 class allegations with prejudice and allow plaintiffs to assert their state law wage and hour claims on an individual basis in this action.

### SECOND AFFIRMATIVE DEFENSE

293.    Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. Sec. 207, or the New York State Labor Law.

### THIRD AFFIRMATIVE DEFENSE

294.    Plaintiffs' claims are barred, in whole or in part, by the applicable federal and/or state statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

295.    The claims of any Plaintiffs are barred to the extent they are claims which have been the subject of any prior and/or pending litigation against the Defendants' brought by the United States Department of Labor or a state labor agency/department.

## FIFTH AFFIRMATIVE DEFENSE

296.    To the extent any Plaintiff employed by the Defendant was not exempt from overtime compensation requirements of the FLSA and/or the New York Wage Payment Act and/or New York Minimum Wage Act and/or the New York Labor Law, which Defendants deny, such individuals were properly compensated in accordance with a reasonable agreement between such individual and Defendants and applicable law and regulations.

## SIXTH AFFIRMATIVE DEFENSE

297.    Based on information and belief, Answering Defendant states that at all times relevant hereto, they acted in good faith and with absence of malice with regard to Plaintiffs and had reasonable grounds for believing their actions as to Plaintiffs were not in violation of the FLSA and/or the New York Minimum Wage Act and/or the New York Wage Payment Act and/or the New York Labor Law.

## SEVENTH AFFIRMATIVE DEFENSE

298.    Plaintiffs are estopped and/or barred from bringing any claims herein by virtue of their own conduct if, and, or to the extent they signed a settlement agreement and/or accepted payments in release and/or as an accord and satisfaction of any and all claims.

**EIGHTH AFFIRMATIVE DEFENSE**

299.    Plaintiffs' recovery is barred in whole or in part to the extent the doctrines of waiver, laches, estoppel, and/or unclean hands apply.

**NINTH AFFIRMATIVE DEFENSE**

300.    If Plaintiffs succeed in establishing any violation under the FLSA or the New York State Labor Law, and to the extent any sums are found due and owing to Plaintiff(s), which is expressly denied, Answering Defendant is entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff(s) over and above their wages.

**TENTH AFFIRMATIVE DEFENSE**

301.    The claims asserted herein are barred to the extent such claims were the subject of any prior governmental investigation, part of or covered by any other judicial action, or part of any other judicial action that was settled, resolved or dismissed, or to the extent such claims have been settled, waived and/or released.

**ELEVENTH AFFIRMATIVE DEFENSE**

302.    Defendants are entitled, pursuant to Rule 20(b), to a separate trial on each individual claim asserted by any Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

303.    Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal to Portal Act, 29 U.S.C. § 259, because actions taken in connection with the Plaintiffs' compensation were done so in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United Stated Department of Labor.

## THIRTEENTH AFFIRMATIVE DEFENSE

304.    Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal to Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done so in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or the New York State Labor Law.

## FOURTEENTH AFFIRMATIVE DEFENSE

305.    Plaintiffs' claims are barred to the extent any particular plaintiff or employee petitioned for bankruptcy under either Chapter 7 or Chapter 13 of the United States Bankruptcy code, yet failed to disclose potential claims against Defendants as required under applicable bankruptcy laws.

## FIFTEENTH AFFIRMATIVE DEFENSE

306.    Plaintiffs' class allegation must be dismissed because an independent and individual analysis of each putative class member's claims and each of Defendants' defenses to such claims is required.

## SIXTEENTH AFFIRMATIVE DEFENSE

307.    The claims for attorney's fees, court costs, restitution, injunctive and other equitable remedies and relief, including, but not limited to, liquidated and exemplary damages and back pay, restitution and injunctive relief are not triable to a jury.

## SEVENTEENTH AFFIRMATIVE DEFENSE

308.    Plaintiffs' Complaint is presented in conclusory and vague terms, which prevents Defendants from anticipating all of the affirmative defenses and claims that may be applicable to this action.  Therefore, to the extent permitted under the Federal Rules of Civil Procedure and applicable case law, Defendants reserve the right to assert additional defenses or claims that may become known during the course of discovery.

## EIGHTEENTH AFFIRMATIVE DEFENSE

309.    Plaintiffs have failed and neglected to mitigate their respective alleged damages, injuries, and/or losses, and, therefore, any recovery against Defendants should be barred or reduced accordingly.

## NINTEENTH AFFIRMATIVE DEFENSE

310.    Defendants have not knowingly and/or intentionally failed to comply with any federal or state statute.

## TWENTIETH AFFIRMATIVE DEFENSE

311.    Defendant has made complete and timely payment of all wages due to each of its employees.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

312.    Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

313.    Plaintiff are not entitled to equitable relief because they have an adequate remedy at law.  This defense may also apply to the claims of some or all of the class of the allegedly similarly situated persons.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

314.    Plaintiffs cannot establish or satisfy the requirements for a collective action pursuant to 29 U.S.C. § 216 of the FLSA and, therefore, the collective action allegations of the Complaint should be stricken and dismissed.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

315.    Plaintiffs cannot establish or satisfy the requirements for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and, therefore, the class action allegations of the Complaint should be stricken and dismissed.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

316.    The Fair Labor Standards Act and its collective action procedures preempt state law that might otherwise permit class action treatment.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

317.    Plaintiffs' claims are barred or should be reduced, in whole or part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the Fair Labor Standards Act or the New York State Labor Law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

318.    Individual Defendant Luigi Lusardi was not Plaintiffs' "employer" within the meaning of the Fair Labor Standards Act or the New York State Labor Law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

319.    Defendants are not joint employers of the Plaintiffs within the meaning of the Fair Labor Standards Act or the New York State Labor Law.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

320.    Plaintiffs Sosa Najera, Gomez, Mendez, Miranda, Perez, and Antonio did not work for Lira of New York, Inc in any capacity prior to the time that Defendant Luigi Lusardi sold his ownership interest and ceased all involvement in Lira of New York, Inc.

**WHEREFORE**, the Answering Defendants request judgment against the Plaintiffs with respect to their claims asserted in the Complaint, dismissing the Complaint in this action, and entering judgment in favor of the Answering Defendants, together with costs and disbursements of the above-entitled action and any other relief this Court may deem just and proper.

Dated:  April 13, 2022
            New York, New York                    Respectfully Submitted,
                                                   MARK B. STUMER & ASSOCIATES, P.C.

                                                   _____
                                                   Mark B. Stumer, Esq. (MS6027)
                                                   306 Fifth Avenue, Penthouse
                                                   *New York, New York 10001*
                                                   *Phone (212) 633-2225*
                                                   *Fax (212) 691-3642*
                                                   *Attorney for Defendant – Luigi Lusardi*

Case No. 1:20-cv-04457 (RA)(RWL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORLANDO MINO HERNANDEZ, OSMEL
RUBEN SOSA NAJERA, RAFAEL BASURTO
GOMEZ, JOSE LUIS MENDEZ, MIGUEL
MIRANDA, ROSALIO PEREZ, ANGEL
GEOVANI RAMOS, and PALEMON BENITO
ANTONIO, Individually and on behalf of others
similarly situated,

                          Plaintiffs,

        -against-

LIRA OF NEW YORK INC (D/B/A LUKE'S
BAR & GRILL), LUIGI MILITELO, TOMMY
TIN, JONATHAN MATEOS, and LUIGI LUSARDI

                          Defendants.

**ANSWER TO SECOND AMENDED COMPLAINT**

Mark B. Stumer, Esq. (MBS-6027)
Mark B. Stumer & Associates, P.C.
306 Fifth Avenue, Penthouse
New York, New York 10001
(212) 633-2225

*Attorney for Defendant – Luigi Lusardi*