```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ORLANDO MINO HERNANDEZ, OSMEL RUBEN SOSA NAJERA, RAFAEL BASURTO GOMEZ, JOSE LUIS MENDEZ, MIGUEL MIRANDA, ROSALIO PEREZ, ANGEL GEOVANI RAMOS, and PALEMON BENITO ANTONIO, *individually and on behalf of others similarly situated*,

      Plaintiffs,

v.

LIRA OF NEW YORK INC., *doing business as* LUKE'S BAR AND GRILL, LUIGI MILITELO, TOMMY TIN, and LUIGI LUSARDI,

      Defendants.

No. 20-CV-4457 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

  The Court assumes the parties' familiarity with the facts and lengthy procedural history of this action. Plaintiffs brought this case against Defendants on June 10, 2020, alleging violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the Spread of Hours Wage Order. On September 28, 2020, Plaintiffs filed affidavits representing that Defendants had been served on August 12, 2020. According to the affidavits, Defendants had been served by leaving copies of the summons and complaint at their place of business with an individual of suitable age and discretion, and by mailing copies of the summons and complaint to that place of business, in accordance with New York Civil Practice Law § 308(2). Each individual Defendant shares the same place of business: Luke's Bar and Grill in Manhattan.

  The case was then referred to mediation pursuant to this Court's participation in the pilot

program for cases involving claims under the FLSA. The mediation conference, however, was never held. On May 4, 2021, the individual Defendants filed a first motion to dismiss, arguing that the Court lacked jurisdiction due to improper service of process. Defendants principally argued that: (1) the affidavits of service were not filed within twenty days of either delivery or mailing of the summons and complaint, as required by New York Civil Practice Law § 308(2); (2) Plaintiffs failed to file a default judgment motion within the time limit previously prescribed by this Court; and (3) the affidavits were perjurious because (a) no individual matching the description of the purported individual to whom the papers had been personally delivered was present at the location of service on the ostensible date of service and (b) the summons and complaint had never been received by mail.

On June 22, 2021, the Court granted Plaintiffs leave to amend their complaint to add two additional Plaintiffs, and Plaintiffs filed the First Amended Complaint on June 23, 2021. Plaintiffs also filed new affidavits of service for the individual Defendants, each of which stated that the individual Defendants had been served with the Amended Summons and First Amended Complaint on September 13, 2021. In a status letter filed on January 25, 2022, Defendants "contend[ed] they have no obligation to respond to the Amended Complaint while their motion [to dismiss] is pending." ECF No. 80.

On January 31, 2022, the Court issued a Memorandum Opinion and Order denying Defendants' first motion to dismiss. *See Hernandez v. Lira of New York, Inc.*, 2022 WL 280887 (S.D.N.Y. Jan. 31, 2022). After considering the factors for whether an extension of the service deadline was appropriate in the absence of good cause—"whether any applicable statutes of limitations would bar the action once refiled," "whether the defendant had actual notice of the claims asserted in the complaint," "whether the defendant attempted to conceal the defect in

service," and "whether the defendant would be prejudiced by extending the plaintiff's time for service," *id.* at 2—the Court exercised its discretionary authority and granted Plaintiffs until February 28, 2022 to perfect service. Pursuant to the Court's January 31 Order, Plaintiffs re-served the First Amended Complaint on February 17, 2022.

On March 14, 2022, Defendants Luigi Militello and Tommy Tin[1] filed a second motion to dismiss, which is currently pending before the Court. Militello again argues that he was not properly served, asserting that the affidavit of service for February 17, 2022 was perjurious. Tin, meanwhile, argues that the First Amended Complaint failed to plausibly allege that he was an "employer" within the meaning of FLSA.[2] In response, Plaintiffs sought, and the Court granted, leave for Plaintiffs to file a Second Amended Complaint. The Second Amended Complaint was filed on April 1, 2022, and on April 15, 2022, Militello and Tin indicated that they would rely on their second motion to dismiss.

On April 25, 2022, Plaintiffs filed proof of service indicating that the Second Amended Complaint was served on April 7, 2022. The affidavits again represented that Defendants had been served by leaving copies of the summons and complaint at their place of business with an individual of suitable age and discretion, and by mailing copies of the summons and complaint to that place of business. In Defendants' reply memorandum of law, which was filed on May 9, 2022, they also challenge the service made on April 7, contending that Militello never received the mailing of the Amended Summons and Second Amended Complaint.

---

[1] Defendant Jonathan Mateos also joined the second motion to dismiss, but he was not named as a defendant in the Second Amended Complaint, and Plaintiffs confirmed in their opposition that they do not intend to pursue their claims against him. Mateos' arguments in the second motion to dismiss are thus denied as moot.

[2] In the second motion to dismiss, Defendants also argue that Plaintiffs failed to meet the pleading standard for class certification, but Plaintiffs' Second Amended Complaint dropped the class claims. Defendants' class certification argument is thus also denied as moot.

## LEGAL STANDARD

"A defendant may move to dismiss under Rule 12(b)(5) for insufficient service of process." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). "In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons." *Id.* "When a defendant challenges service of process, 'the burden of proof is on the plaintiff to show the adequacy of service.'" *Id.* (quoting *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997)).

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept as true all factual allegations and draw all reasonable inferences in Plaintiffs' favor, *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008), but it need not credit "mere conclusory statements," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and alterations omitted).

## DISCUSSION

**I.     Service of Process**

Under Federal Rule of Civil Procedure 4(e), one permissible method for serving an "individual . . . in a judicial district of the United States" is by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e).  Service in New York is governed by New York Civil Practice Law Section 308, which states in relevant part: "Personal service upon a natural person shall be made by any of the following methods . . . (2) by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, . . . and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business." N.Y. C.P.L.R. § 308(2).

Furthermore, under Federal Rule of Civil Procedure 4(m), a complaint must be served within 90 days of the commencement of the action. Fed. R. Civ. P. 4(m). "The filing of an amended complaint . . . does not restart the [90] day period for service under Rule 4(m)" with respect to defendants named in the original complaint. *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 607 (S.D.N.Y. 2012).  However, as discussed in the Court's Memorandum Opinion and Order dated January 31, 2022, a court may exercise its discretion to extend the service period even in the absence of good cause. *See Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007); *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010).

A court may also, "in its discretion, extend a service deadline *nunc pro tunc*." *Ting Qiu Qiu v. Shanghai Cuisine, Inc.*, 2021 WL 185040, at *5 (S.D.N.Y. Jan. 19, 2021) (citing *DeLuca*, 695 F. Supp. 2d at 66-67).  "Such requests for *nunc pro tunc* extension of service deadlines and

acceptance of late service are subject to the same Rule 4(m) standard as other requests to extend a service deadline: the Court *must* extend the time to serve if plaintiff has shown good cause for the delay and it *may* extend the time at its discretion even in the absence of good cause." *Id.* (emphases in original).  For the same reasons discussed in the Court's January 31 Memorandum Opinion & Order, the Court exercises its discretion to extend the service deadline *nunc pro tunc* to April 9, 2022, making Plaintiff's service of the Second Amended Complaint to Militello on April 7, 2022—as well as to Luigi Lusardi on April 9, 2022—timely.[3]

In his reply brief, Militello challenges the validity of the April 7 service on only one ground: he argues that the attempt to serve "fails for lack of mailing" under New York Civil Practice Law Section 308(2), Def. Reply Br. at 6, because "I receive and open all mail at the restaurant," and "[t]he Amended Summons and Second Amended Complaint in this case never arrived by mail in an envelope addressed to me at the restaurant," Militello Reply Decl. ¶¶ 6-7.[4] However, "[t]here is no additional requirement [under Section 308(2)] that the defendant actually receive the mailing before jurisdiction is acquired over him." *Cohen v. Shure*, 548 N.Y.S.2d 696, 698 (App. Div. 1989); *see also Melton v. Brotman Foot Care Grp.*, 604 N.Y.S.2d 203, 205 (App. Div. 1993) ("CPLR 308(2) imposes no requirement that a defendant actually receive the mailing before jurisdiction is acquired.").  Militello therefore fails to rebut Plaintiffs' affidavit of service

---

[3] In the January 31 opinion, the Court reasoned, among other things, that an extension of the service deadline was warranted because "Plaintiff's FLSA claims will be time-barred to a considerable degree if Plaintiffs are forced to refile their action at this stage"; "Defendants were on actual notice that they were named in this lawsuit by October 27, 2020"; "Defendants have not argued that they would be prejudiced by an extension of time apart from the ordinary burdens of litigation and the possibility of defending against time-barred claims," and "such prejudice does not outweigh the countervailing considerations"; and an amended complaint was served on Defendants after the filing of the motion to dismiss. *Hernandez*, 2022 WL 280887, at *3.  The same considerations apply here.

[4] Militello does not dispute that copies of the Second Amended Complaint and Amended Summons were delivered to Militello's actual place of business and left with someone of suitable age and discretion.

representing that the Second Amended Complaint and Amended Summons were mailed to his actual place of business at 1394 3rd Avenue, New York, New York, 10075, which the parties do not dispute is the address for Luke's Bar and Grill. Militello's motion to dismiss for improper service is thus denied.

## II. "Employer" Status under FLSA

"For liability to attach under the FLSA or the NYLL, a defendant must be an 'employer.'" *Ruixuan Cui v. E. Palace One, Inc.*, 2019 WL 4573226, at *6 (S.D.N.Y. Sept. 20, 2019) (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)). There is "no rigid rule for the identification of a FLSA employer." *Barfield v. N.Y.C. Health & Hospitals Corp.*, 537 F.3d 132, 143 (2d Cir. 2008). One test developed by the Second Circuit is the "economic reality" test, which considers whether the defendant "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984). Another test is whether "an entity has functional control over workers even in the absence of the formal control measured by the *Carter* factors." *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 72 (2d Cir. 2003).

The Second Amended Complaint includes the following allegations about Defendant Tin's status as an "employer":

> Defendant Tommy Tin is sued individually in his capacity as a manager of Defendant Corporation. Defendant Tommy Tin possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He has the authority to determine the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees. Tommy Tin set the schedules and directed the day to day work of employees who worked in the Defendants' kitchen, and personally hired and fired kitchen staff.

Second Am. Compl. ¶ 38.  These boilerplate allegations amount to nothing more than a "formulaic recitation" of the Second Circuit's economic reality test, which, on a motion to dismiss, does not plausibly establish that Tin was an "employer" within the meaning of FLSA.  *See Chen v. 2425 Broadway Chao Restaurant, LLC*, 2017 WL 2600051, at *4 (S.D.N.Y. Jun 15, 2017) ("Plaintiffs' boilerplate recitation of the four *Carter* factors is not entitled to the assumption of truth, and therefore cannot give rise to a plausible inference that [Defendant] is an 'employer.'"); *Diaz v. Consortium for Worker Educ., Inc.*, 2010 WL 3910280, at *4 (S.D.N.Y. Sept. 28, 2010) (quoting *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009)) ("Mere boilerplate allegations that an individual meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details—essentially 'a formulaic recitation of the elements of a cause of action'—are insufficient to raise plaintiffs' right to relief 'above a speculative level' with respect to that individual's liability as an employer under FLSA."); *Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 588-89 (S.D.N.Y. 2020) (collecting cases).

      Plaintiffs' attempt to situate their conclusory allegations in relation to "kitchen staff" does not save their claim against Tin.  The conclusory allegations are not entitled to a presumption of truth, and once those boilerplate statements are stripped away, the only factual detail left is that Tin had some direction over the kitchen staff at Luke's Bar and Grill.  This barebones assertion is insufficient to survive a motion to dismiss.  *See In re Fosamax Prods. Liab. Litig.*, 2010 WL 1654156, at *1 (S.D.N.Y. Apr. 9, 2010) ("After the court strips away conclusory allegations, there must remain sufficient well-pleaded factual allegations to nudge plaintiff's claims across the line from conceivable to plausible."); *see also Huer Huang*, 459 F. Supp. 3d at 588-89 (granting motion to dismiss where the complaint labeled some of the defendants as "kitchen managers" but

otherwise contained a boilerplate recitation of the *Carter* factors). Plaintiffs' claims against Tin are thus dismissed.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is granted with respect to Defendant Tin and denied with respect to Defendant Militello. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 95.

SO ORDERED.

Dated:   March 27, 2023
         New York, New York

_____
Ronnie Abrams
United States District Judge